GROPPER ET AL., respondents, *v.* KING, appellant.

PLACER MINING GROUNDS — *How held* — *When open.*— The United States law of July 26, 1866, gives to all citizens, and those who have declared their intention to become such, the right to explore and occupy the mineral lands of the United States, subject to the rules and regulations prescribed by law, and the local rules and customs of miners not in conflict with such law.   Such local rules and customs become, by adoption, part of the law of the land.   And a person, who is competent, having taken up and held such mining ground, and this fact appearing by the pleadings and findings, has acquired inchoate title, and the right to exclusive possession.   A grant is presumed.   Such ground so held cannot be considered unoccupied public domain subject to the appropriation of any one else.

*Appeal from Second District, Silver Bow County.*

KNOWLES & FORBIS, for appellant.

RANDOLPH & DE WITT, for respondents.

No briefs filed.

WADE, C. J. This is an action to determine the right to the possession of certain placer mining grounds situate in Silver Bow county. The defendant, claiming the ground in question to be unoccupied and unexplored mineral lands of the United States, entered upon and located the same in pursuance of the act of congress of May 10, 1872, and applied for a patent therefor, whereupon the plaintiffs filed their protest and adverse claim, and brought this action under the law to have determined the right of possession to the property.

The cause was tried to the court and the following are the findings of fact:

1st. That the placer mining ground in controversy in this case is situated in Independence Mining District.

2d. That said ground described was taken up and located by plaintiffs and their predecessors in interest in 1869, and that they and their grantors have been in possession of the same and held the same to the present time in accordance with the customs of said district.

3d. That Independence Mining District was duly organized in 1865, and extended from claim No. 75, above discovery, to the forks of Silver Bow creek, and that claims were to consist of one hundred feet up and down said gulch or creek, and from either side of the banks of said creek to the second rise of the bed-rock.

4th. That the rules and customs of said district are still in force and acted upon by the miners therein, and that hill and gulch claims are recognized by the laws and customs of said district.

5th. That all mining claims in controversy and all the ground in dispute in this cause were located or purchased

by one Ferdinand Isle in 1869, and the plaintiffs are his grantees.

6th. That plaintiffs and their grantors had been in the actual and quiet possession of said ground described in plaintiffs' complaint since 1869, and were in the actual possession at the date of the commencement of this action. That said placer claims, including the ground in dispute, were all duly recorded in the records of Independence Mining District.

7th. That defendant's grantors entered upon said ground and applied for a patent therefor without making any discovery or location thereof, and without doing any work thereon, and made no claim or title except by a survey.

There was a judgment in favor of the plaintiffs, from which the defendant appeals.

There is no evidence contained in the record. We are therefore to presume that the testimony supported the findings.

The act of congress of July 26, 1866, granted to citizens of the United States, and to those who have declared their intention to become such, the right to explore and occupy the mineral lands of the public domain, subject to such rules and regulations as may be prescribed by law, and subject also to the local rules and customs of miners in the several mining districts, so far as the same may not be in conflict with the laws of the United States.

There is no claim by appellant that the local rules and customs of Independence Mining District are in conflict with the laws of the United States or the territory. When this is the case such rules and customs become part of the law of the land, and when complied with in taking up and locating mining ground, a grant from the government follows and title vests in the locator.

The possessor of real estate is presumed to be the owner thereof until the contrary appears; and a like pre-

sumption of title arises in favor of the possessor of a mining claim in a mining district. He is presumed to hold the same by virtue of having complied with the law and the local rule and customs. In this case this presumption is supported by a finding of fact, that the plaintiffs and their grantors have held, occupied and possessed the ground in question for more than ten years next prior to the commencement of this action, in pursuance of the law and the local rules and customs of Independence Mining District, in full force and operation during all that time.

It followed, therefore, that when the defendant entered upon the ground in dispute and applied for a patent, such ground was not unoccupied, but, on the contrary, the plaintiffs held, possessed and occupied the same, with the exclusive right to such possession and occupation which presumes a grant, and the government having so far vested the plaintiffs with title, there was no room for a like grant to the defendant.

The judgment is affirmed, with costs.

*Judgment affirmed.*