[No. 7,200.—In Bank.]
December 22, 1880.

## GEORGE S. KELLER v. ALFRED E. BERRY.

FRAUD—EJECTMENT—PATENT.—R. being in possession of land under a State patent, mortgaged the same, but afterwards delivered possession to his son, who, after the commencement of an action to foreclose (to which he was not made a party), abandoned the possession to the defendant, who proceeded to enter the land under the homestead laws of the United States.

*Held:* Courts would cease to be courts of justice if such proceedings were countenanced. The defendant is not entitled to withhold the possession from the plaintiff.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Los Angeles. HOWARD, J.

*Glassell, Smith & Smith,* and *F. H. Howard,* for Appellants.

*Bicknell & White,* for Respondent.

ROSS, J.:

Ejectment to recover possession of a certain portion of a sixteenth section. It appears from the record that prior to the year 1872, one José Rubio settled on the land with his family, and proceeded, together with his son, Andres Rubio, who was of age, to cultivate and improve it. Improvements, consisting of a dwelling-house, orchards, and vineyards, were put upon the land, mainly by Andres. On the twentieth of March, 1868, José made an application to the State of California to purchase the land. His application was accepted by

the State Locating Agent, May 1, 1868, and was filed in the State Land Office on the twentieth of June, of the same year. The State officers issued to him a certificate of purchase for the land on the tenth of April, 1872, and a patent therefor, regular in form, on the third day of January, 1874. It is claimed on behalf of the appellant that by these proceedings, and others incidental to them, José Rubio acquired no title to the premises.

In the view we take of the case, it is unnecessary to determine whether he did or not; for the record further shows, that in February, 1877, he borrowed of the plaintiff the sum of six thousand dollars, and as security therefor executed to the plaintiff a mortgage on the property in question, together with an adjoining tract of about twelve acres—which mortgage was duly recorded at the time, in the records of the proper county.

In the month of February, 1878, José, in the language of the findings, " considering his title under the State to be void, abandoned his claim to the premises in controversy, and delivered possession thereof to said Andres Rubio, who from thenceforward took possession and claimed the same as his own, until the —— day of May, 1879, when he abandoned the same to the defendant herein, and allowed him to take possession of the same, together with the improvements."

In the mean time, the plaintiff had commenced an action to foreclose his mortgage, in which both José and Andres Rubio were made parties defendant, and in May, 1879, a decree of foreclosure was duly entered in the action in favor of the plaintiff. Under this decree the Sheriff of the county, on the sixth day of June, 1879, sold the premises in controversy to the plaintiff for the sum of $8,542, and on the same day executed to the plaintiff a certificate of sale therefor. No redemption having been made, the Sheriff, on December 8, 1879, executed to the plaintiff a deed for the property.

Thus it will be seen, that José Rubio, on the strength of his possession of the land and the improvements thereon, if not of title, got six thousand dollars of the plaintiff's money, gave him a mortgage on the land and improvements to secure its repayment, and then surrendered the possession thereof to his son, who thereupon took possession of the property and claimed the same as his own, until shortly before its sale by

the Sheriff under the plaintiff's decree of foreclosure, when he (the son) turned the possession of the land and improvements over to the defendant. On the possession so obtained, defendant proceeded to enter the land under the homestead laws of the United States, the entry, however, being afterwards suspended by order of the Commissioner of the General Land Office.

It is this sort of circumvention that we are asked to sanction. Courts would cease to be courts of justice if such proceedings were countenanced. It is not necessary to the disposition of this case for us to say whether, under the doctrine of the cases of *Hosmer* v. *Wallace*, 97 U. S. 579; *Trenouth* v. *San Francisco*, 100 id. 251; and *Atherton* v. *Fowler*, 96 id. 515, a title to government land ever could be acquired by virtue of a possession acquired as was the possession of the defendant. The question here is, whether upon the facts stated, the defendant is entitled to withhold the possession of the premises from the plaintiff; and we are clearly of the opinion that he is not.

Judgment affirmed.

SHARPSTEIN, MYRICK, and THORNTON, JJ., concurred.