[Civil No. 214. Filed December 29, 1887.]

[S. C. 16 Pac. 45.]

J. L. B. ALEXANDER and BERNARD GOLDMAN, Plaintiffs and Respondents, v. THOMAS SHERMAN, C. L. HALL and C. H. GRAY, Defendants and Appellants.

1. MINES AND MINING—MORTGAGE OF MINING CLAIM—ABANDONMENT OF LOCATION BY MORTGAGORS CANNOT DEFEAT MORTGAGE.—After the delivery of a certificate of sale under foreclosure of mortgage upon mining claims an attempt on the part of the mortgagors to abandon the location, so that re-locations might be made to defeat the lien of the mortgage, is void, all rights of the mortgagors having passed to the purchasers under foreclosure, and the re-locations made pursuant thereto vest no title.

2. SAME—MINING CLAIMS PROPERTY—MAY BE DEALT WITH AS OTHER PROPERTY—LIENS THEREON PROTECTED.—Mining claims are property in the fullest sense of the word, and may be sold, transferred, mortgaged and inherited. If mortgaged, the rights of the mortgagees shall be protected against any attempt of the mortgagors to defeat them by abandonment, and courts of equity should protect these liens as fully as securities upon any other species of property.

APPEAL from a Judgment of the District Court of the Second Judicial District in and for the. County of Maricopa. Affirmed.

W. W. Porter, Judge.

The facts are stated in the opinion.

E. J. Edwards, for Appellants.

The question of abandonment was raised by the defendant's answer and was one of the issues submitted to the jury. It was a question of fact to be passed upon by a jury, and the court could not deprive the defendants of the right of trial by jury, which was practically done, when it set aside the special verdict and gave judgment for plaintiffs. *Taylor* v. *Middleton*, 67 Cal. 656, 8 Pac. 594; *Richardson* v. *McNulty*, 24 Cal. 339; *Davis* v. *Perley*, 30 Cal. 360; *Weil* v. *Mining Co.*, 11 Nev. 200.

A mining claim is personal property and the court erred in admitting in evidence, the foreclosure proceedings, and mortgage. If a mining claim was ever classed as real estate, certainly the Act of Feb. 12, 1875, removed all doubt as to the character of such property. Sec. 5, Chap. 33, Comp. Laws, p. 334. The repealing clause of that act, not only repealed the former chapter, but everything in conflict with it.

H. N. Alexander, and Goodrich, Street, Smith and Goodrich, for Respondents.

At the time of the attempted abandonment in writing by Cox and Demarbaix of the "Red Rover Mine," they had no such interest in the mining property as could be abandoned. The attempt was a conspiracy and collusive fraud between them and defendants Sherman, Hall, and Greenhaw to defeat the mortgage liens of plaintiffs and other mortgagees.

The question of abandonment is sometimes a question of law, again merely a question of fact, and sometimes a mixed question of both law and fact. To the facts proven or admitted the court applies the law. Abandonment and forfeiture are different things; one a question of intention, the

other a question of law. *Oreamundo* v. *Uncle Sam Mining Co.,* 1 Nev. 179; *Neil* v. *Mining Co.,* 11 Nev. 200. There can be no such things as abandonment of land in favor of a particular individual and for a consideration. *Stephens* v. *Mansfield,* 11 Cal. 363; *Richardson* v. *McNulty,* 24 Cal. 339-345; *Morenhout* v. *Wilson,* 52 Cal. 263-268. *Derry* v. *Ross,* 5 Col. 295-300-301. It is well settled now that a mining claim is real property—property in the highest sense of the word. *Forbes* v. *Gracey,* 94 U. S. 767; *Belk* v. *Meagher,* 104 U. S. 283-284-285-290; *Halsey* v. *Martin,* 22 Cal. 645; *Hughes* v. *Delvin,* 23 Cal. 506.

BARNES, J.—This action was brought to quiet title to an unpatented mining claim, located by Joseph Cox and John Demarbaix on the thirty-first day of January, 1881. On the seventeenth day of March, 1884, Demarbaix mortgaged his interest in the mine to Myrtle Godchaux, for $4,500, payable six months after date. The mortgage was an ordinary quitclaim deed in form, with a defeasance. The mortgage was foreclosed, and on the thirtieth day of December, 1884, Lindley H. Orme, the sheriff of Maricopa county, sold the property, under a decree of foreclosure and order of sale, to Myrtle Godchaux for the sum of $250, and delivered to him a certificate of sale. The certificate of sale was assigned to the plaintiffs, and on the sixth day of August, 1885, N. M. Broadway, then sheriff of Maricopa county, successor to said Orme, executed and delivered to the respondents a deed to the property. The plaintiffs claim title through the foreclosure of the Godchaux mortgage.

The appellants contend that the mine had been abandoned by Cox and Demarbaix, and rely upon a subsequent location thereof. It was conceded that over $100 worth of work was done on the mine by the locators for the years 1881, 1882, 1883, and 1884, and by plaintiffs for the years 1885 and 1886. Plaintiffs derived title from a mortgage by locators foreclosed before the end of 1884. The annual work, called assessment work, made the title good as against the government. On the eighteenth of May, 1885, the ground was located by defendants as public and unoccupied mineral lands open to location. It is clear that this location was procured

by the mortgagors in order to defeat the mortgagees, and was a fraud upon the mortgagors. Any attempt by them to abandon the mine was void. All their rights had passed to the mortgagees, and they could not abandon and by so doing defeat the mortgage. To permit such a subterfuge to defeat a mortgage would be to give to fraud the sanction of a court of equity. *Keller* v. *Berry,* 62 Cal. 488; *Stephens* v. *Mansfield,* 11 Cal. 363; *Richardson* v. *McNulty,* 24 Cal. 339; *Morenhaut* v. *Wilson,* 52 Cal. 263; *Derry* v. *Ross,* 5 Colo. 295. For the purposes of collecting taxes, mining claims have been listed and sold both as personal property, (*Forbes* v. *Gracey,* 94 U. S. 762; *Waller* v. *Hughes,* 11 Pac. 122,) and as real estate. ''They are property in the fullest sense of the word.'' ''This claim may be sold, transferred, mortgaged, and inherited.'' *Forbes* v. *Gracey.* If mortgaged, the rights of mortgagees shall be protected against any attempt of mortgagors to defeat them by abandonment, and in a proper case courts of equity can and should protect these liens as fully as securities upon any other species of property.

Other questions raised need not be discussed, as this determines the rights of plaintiffs, and defeats the rights of defendants. The judgment is affirmed.

Wright, C. J., and Porter, J., concur.