[Civil No. 225.   Filed June 20, 1888.]

[S. C. 18 Pac. 595.]

CHARLES PHILES, et al., Plaintiffs and Appellees, v. WILLIAM W. HICKIES, et al., Defendants and Appellants.

1. MINES AND MINING—SALE—RECOVERY OF CONSIDERATION—DEFENDANT ESTOPPED TO DISPUTE TITLE—EVIDENCE OF LOCATION AND ASSESSMENT WORK.—Where grantors seek to recover the consideration for the transfer of unpatented mining claims a defendant holding under them, with knowledge of their title, cannot dispute it and such grantors need not show that they had complied with the mining laws in the matter of location of claims and annual labor thereon.

2. LIMITATIONS OF ACTIONS—ENFORCEMENT OF TRUST—WHEN ACTION ACCRUES.—Where H. was made trustee of the title to certain mines for the purpose of organizing a corporation and distributing the stock among the owners after disposing of a certain part for working capital, the grantors were entitled to their stock when the company was organized and this stock set apart to this purpose. The statute of limitations does not begin to run in such a case. H. holds this stock in trust for the plaintiffs.

AFFIRMED WITH COSTS, FOR WANT OF PROSECUTION.   154 U. S. 505, 38 L. ED., 1082, 14 Sup. Ct. Rep. 1147.

APPEAL from a Judgment of the District Court of the Second Judicial District in and for the County of Maricopa. W. W. Porter, Judge.   Affirmed.

The facts are stated in the opinion.

A. D. Lemon and Street & Goodrich, for Appellant.

In actions for the possession of mining claims, it is well settled that plaintiff must show his location, and strict compliance with the statute in regard thereto, and that the right of possession is in him by virtue thereof.   The right to the possession is drawn directly into controversy in this action.

There is no evidence that the working capital had been

disposed of, as is contemplated in this agreement, before the stock should be placed to the credit of plaintiffs on the stock books of the company. But to avoid the results of such omission, the plaintiffs contend that the breach of trust happened when the company was organized, at which time those things were not done which were agreed upon, but things were done in opposition to the terms of the agreement and in violation thereof. If the latter position be correct then the plaintiff's action is barred by the statute of limitations.

A. D. Duff, for Appellee.

It is said that we failed to prove title to the mining property. Defendants are not in position to question our title, nor were we required to show any title. They derive all their title from us: they took possession and yet hold it under our deeds claiming it as their own property.

A purchaser when sued for failure to comply with his contract can no more question the title of his vendor, while in possession under the title derived from him, than a tenant can dispute the title of his landlord while holding under him. In fact vendor and vendee on this subject stand in the same relation as landlord and tenant. *Galloway* v. *Finley,* 12 Pet. 264-295; Bigelow on Estoppel, p. 414. The vendee *must* first surrender possession of the property to the vendor, or be lawfully ejected by a paramount title before he can call in question the vendor's title. And when the subject matter of sale and controversy is a possessory right only, as in this case, there is more reason for the rule than even where the fee is involved.

This is an action to enforce an express trust and limitation laws do not bar such trusts. Angel on Limitations, Secs. 166 and 468; Perry on Trusts, Secs. 860, 861; *Seymore* v. *Freer,* 8 Wall. 202; *Lewis* v. *Hawkins,* 23 Wall. 126. Hickies was the trustee, he was also president and head officer of the corporation when he made the deed. Therefore this corporation took the title to this property with full knowledge of this trust, and is bound to execute said trust. Wade on

Notice, Sec. 57, 58, 59; Perry on Trusts, Sec. 836.   No demand was necessary in this case, more than a reasonable time had elapsed in which to issue and deliver the stock.   Parsons on Cont. Star p. 535.   And what is a reasonable time is a question of law for the court.   Ib.

But in equity no demand is necessary before bringing an action for specific performance, such demand does not as at law give the right of action, but is important only as relates to costs.   *Bruce* v. *Tilson*, 25 N. Y. 194; *Wellant* v. *Huber*, 8 Nev. 209; Bispham's Eq., Sec. 392.

BARNES, J.—This is an appeal from the district court of the Second judicial district of Arizona in and for the county of Maricopa.   The facts of the case are about these:  Philes owned four certain mining claims, and a mill-site near them. He and Thomas H. Blair each owned an undivided one-half of another; and he, Blair, and Polhemus each owned an undivided third of another.   These mining claims all lay, in a group adjoining each other, in the Cave Creek mining district aforesaid.   Plaintiffs conveyed all their interests in these six mining claims to William W. Hickies, one of the defendants in this action, and Philes also conveyed to him the mill-site; and, to save the expense of several deeds, they all joined in the same deed, conveying all their rights in the property, without specifying their respective interests therein.   At the same time, and as a part of the same transaction, all the parties executed another instrument, in which Hickies is styled "party of the first part," and the plaintiffs "party of the second part," by which it is agreed that said mining property was conveyed by plaintiffs to said Hickies in trust for him to organize a joint-stock company to work, operate, and develop said mines; that said company should be called the "Ithaca Consolidated Gold & Silver Mill and Mining Company," and, when organized, Hickies would issue and deliver to the plaintiffs, and place to their credit on the stock-books of the company as unassessable stock, an amount of stock not to exceed three-fifths of the capital stock of the company, and that the fulfillment of these promises by Hickies in this

respect was the real consideration for which said deeds were made; that 20,000 shares for each mine, or 120,000 in the aggregate, should be set aside as a working capital to defray expenses, etc., and the stock to which plaintiffs were entitled should not exceed three-fifths of the capital stock which remained after setting aside or deducting this working capital of 120,000 shares. In July, 1881, Hickies organized said company under the laws of California, and, in pursuance of the laws of Arizona, filed the articles of incorporation with the recorder of Maricopa county. The capital stock was fixed at $6,000,000, divided into 600,000 shares, of the par value of $10 each. Of this stock, Hickies, at the same time, subscribed for and took in his own name 584,600 shares. Upon the organization of the company, Hickies was elected president thereof, and has held the office ever since, and is now holding it. In September, 1882, Hickies conveyed all this mining property to the said company,—he, at that time, being president of the company; and the company through him, at once took possession of the property, working and improving the same, and is now in the actual possession thereof, claiming as owner under said deeds. Hickies in the mean time has sold some 25,000 shares of stock; the balance is still in his possession. The plaintiffs have received no stock of said company; and, their rights thereto being denied by defendants, in 1886 they brought this action to compel a specific performance of said agreement, and a complete execution of the trust; and a decree was entered in their favor at the April term of said court, 1887, from which this appeal is now prosecuted.

It is urged that, as these mines were unpatented, the plaintiffs must show that they had complied with the mining laws; that is, that they had made a valid location, and had done the annual work, before they can seek any remedy in this case to enforce the contract of Hickies. We cannot concur in this proposition. As between the contracting parties, grantor and grantee, trustee and *cestui que trust*, and those holding under them, with knowledge of the title of grantor, such title cannot be disputed. *Alexander* v. *Sherman, ante,* p. 326,

16 Pac. 45; *Blake* v. *Thorne, ante,* p. 347, 16 Pac. 270. It is urged that the cause is barred by the statute of limitations. It is clear that the contract in evidence made Hickies the trustee of the title to these mines for the purpose of organizing a corporation, and distributing the stock of such company among the owners, after disposing of a part for working capital. This does not mean that Hickies was to keep all the stock of the company until this stock for working capital had been actually sold. It meant that when the company was organized, and this stock was set apart or was devoted to this purpose, then grantors were to be entitled to their stock. The statute of limitations does not begin to run in such a case. Hickies holds this stock in trust for the plaintiffs. We think the evidence sustains the findings, and see no error in this record. The judgment is affirmed.