Argued 16 January; decided 19 February ; rehearing denied 9 April, 1900.

## RISCH *v.* WISEMAN.

[59 Pac. 1111.]

MINES—VALIDITY OF LOCATION.—Where, at the time of the location of certain mining claims, notices were posted thereon, and subsequently recorded in the record of the mining district, and the claims were marked by monuments, so that the boundaries could be readily ascertained, the location was valid.

PUBLIC MINERAL LANDS—RIGHT OF LOCATION.—Mineral land that has been regularly located, and has for many years been in possession of persons claiming to own it, is not public land subject to location.

EQUITY—TRESPASS ON MINING LAND.—Where plaintiff had held, occupied, and had been in possession of mining claims under color of title, in pursuance of law and the local rules and regulations of the mining district, for more than twenty years prior to the attempted location of the defendants, such claims were not public mineral lands of the United States, and plaintiff could maintain a suit to enjoin defendants' location, though there was no evidence of the transfer of the original locator's title to plaintiff.

From Douglas :  J. C. FULLERTON, Judge.

Injunction suit by George Risch against Jesse Wiseman, and others.    From a decree for plaintiff, defendants appeal.                                    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. F. W. Benson.*

For respondents there was a brief over the names of *Andrew M. Crawford* and *William R. Willis*, with an oral argument by *Mr. Crawford.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to enjoin a trespass on a placer mining claim. The facts are that, in 1869, Moses Lee, F. G. Robinson, L. F. Robinson, G. W. Robinson, O. H. Robinson, and Joshua Fawcett located seven placer mining claims on Glees Creek, in Douglas County, being a claim for each, and an additional one as a discovery claim, in accordance with the local laws and customs of the mining district in which they are situated. In May, 1872, these several claims passed into the possession of the plaintiff by purchase from G. Thompson, Amos Thompson, and James Thompson, since which time he has been in possession, claiming to be the owner, and has performed, or caused to be performed, labor thereon to the amount and value, as found by the trial court, of $100 each year. In June, 1896, the defendants, claiming the ground in question to be unoccupied mineral lands of the United States, entered upon and located the same in pursuance of the laws of congress, and commenced work thereon; whereupon the plaintiff brought this suit, and, it resulting in a decree in his favor, the defendants appeal.

It is claimed that the plaintiff's possession did not prevent an entry and location by the defendants, because it was not founded upon a valid location. But the evidence shows that, at the time of the location of the several mining claims, notices were posted on each claim, and subsequently recorded in the record of the mining district; and the plaintiff testifies that the claims were marked on the ground by monuments, so that the boundaries thereof could be readily ascertained, and that Thompson, from whom he purchased, showed him the lines of the separate locations. We think, therefore, the court was clearly right in finding that the claims were located, and their boundaries marked on the ground, in accordance with law.

It is also contended that, because there is no evidence of the transfer of the title of the original locators to the plaintiff, he cannot maintain the suit.    But the possessor of a mining claim in a mining district is presumed to be the owner thereof until the contrary appears, and that presumption is supported in this case by the fact that the plaintiff had held, occupied, and possessed the ground in question under color of title, in pursuance of law and the local rules and regulations of the mining district, for more than twenty years prior to the attempted location of the defendants, and therefore it was not public mineral land of the United States at the time of defendants' entry : *Gropper* v. *King*, 4 Mont. 367 (1 Pac. 755) ; *Cullacott* v. *Cash Min. Co.* 8 Colo. 179 (6 Pac. 211) ; *Seymour* v. *Fisher*, 16 Colo. 188 (27 Pac. 240) .    The decree of the court below is therefore affirmed.                    AFFIRMED.