BEVIS v. MARKLAND et al.

(Circuit Court, E. D. Washington.   May 14, 1904.)

No. 983.

1. MINING CLAIMS—ADVERSE CLAIMANTS—QUESTIONS—ISSUES.
   Where neither party to a suit to recover possession of land held under conflicting mining claims had acquired a perfect right to a conveyance from the United States, and the requirements of the statutes providing for adverse proceedings and suits for the determination of questions respecting conflicting claims had not been complied with, the only issue determinable in such suit was the right of possession.

2. SAME—BURDEN OF PROOF—TRESPASS.
   Where plaintiff and defendants claimed land covered by conflicting mining claims, and defendants had not molested plaintiff, or interfered with his possession or that of his grantor, otherwise than by continuing to hold possession in the same manner as before the attempted laying out of plaintiff's claim, the burden was on plaintiff to prove that defendants were mere intruders, having no color of title or right to possession.

3. SAME—COLOR OF TITLE—RIGHT TO POSSESSION.
   Where, prior to the time plaintiff's grantor staked out a placer claim on public land, defendants had taken steps to appropriate the same land as a lode claim, and there was some evidence of mineral-bearing rock on the surface, but an entire absence of proof that there was not a vein of metallic ore, such as might be located only as a vein or lode claim, defendants' right to possession was superior to that acquired by plaintiff.

Action at Law to Recover Possession of a Mining Claim.   Tried on the merits by the court without a jury.   Findings and judgment for the defendants.

E. M. Heyburn, for plaintiff.
John R. McBride, for defendants.

HANFORD, District Judge.   The ground which is the subject of controversy in this case is situated about 10 miles from the city of Spokane, in a region of country which is generally agricultural in character, and not known to be mineralized.   In the year 1897 the defendant S. S. Markland, together with J. H. Wilson and J. W. Angles, made a location of a vein or lode mining claim 1,500 feet by 600 feet in size, to which they applied the name of the "White Cap Lode," or "Placer Ground," and the defendants have since claimed title to said ground by virtue of the laws of the United States relating to the location of mining claims upon veins or lodes of quartz or other rock in place, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, and by reason of compliance on their part with the requirements of the law as to discovery, marking boundaries, posting and recording notices, and expenditure of money and labor during each succeeding year in the development of said claim, and holding continuous possession thereof. Within the boundaries of the White Cap claim there is a large deposit of quartz rock appearing above the surface, in the form of a sugar loaf, which, so far as it has been tested by assayers, contains only a trace of gold and silver, and is 98 per cent. pure silica.   Whether it is a mere deposit on the surface, or an outcropping of a continuous vein or lode

penetrating vertically into the earth, and whether the substance is uniform in character, or a mere capping over a vein of ore holding gold, silver, or other metal of sufficient value to yield a profit over and above the expense of extracting it from the base substance which contains it, are queries which the evidence leaves unanswered. The defendants claim, however, that the indications which they have discovered justify them in expending labor and money in the hope that they will develop a valuable gold mine. The rock is very hard, and can be used advantageously in the construction of buildings and lining of smelter furnaces, and may be pulverized and used for the manufacture of glass; and for these purposes it has a commercial value, aside from any additional value which it may have by reason of precious metals contained therein.

The plaintiff claims part of the same ground, including the deposit of quartz, by an assignment to him of a mining claim which his grantor located in the year 1902, as a placer claim, under section 2329, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1432], and other statutes of the United States authorizing citizens to acquire title to placer mines, and lands containing deposits of rock and other substances commercially valuable as commodities. Said claim is called the "Pioneer Placer Mining Claim," and embraces 20 acres of land, being part of a legal subdivision according to United States surveys. By bringing this action to acquire legal and actual possession of the whole of the Pioneer claim, the plaintiff has assumed the burden of establishing a right of possession superior to the rights of the defendants evidenced by their prior actual possession. He must prove affirmatively that his grantor complied technically with all of the requirements of the law in locating a placer claim, and also that the land embraced in the claim was in fact public land of the United States which the law authorized him to locate and take into his exclusive possession as a placer claim. He acquired no right under the placer mining laws to claim or hold a vein of metallic ore; nor to locate ground which, under a prior location of a mining claim, not abandoned, relinquished, nor forfeited, the defendants were holding and claiming bona fide and peaceably. As section 910, Rev. St. U. S. [U. S. Comp. St. 1901, p. 679], prescribes that the "case shall be adjudged by the law of possession," the plaintiff cannot prevail against the defendants if they had prior possession under color of title, and did not by actual force oust him of actual possession. In this action the struggle is for possession only, and the parties cannot have a judicial determination of the question as to which shall ultimately prevail in a contest for the title. Neither party has now a perfected right to have a conveyance of title from the government, and, as the requirements of the statute providing for adverse proceedings and suits for the determination of questions respecting conflicting claims under the mining laws have not been met, the court is not authorized to adjudicate any question, save the one question whether the plaintiff has a lawful right to the exclusive possession of the land within the boundaries of the Pioneer placer claim. Neither the plaintiff nor his grantor have performed any labor in developing the claim, except sufficient to constitute formal compliance with a statute of the state of Washington, and the evidence on plaintiff's part proves nothing with respect to the char-

acter of the claim, other than the surface indications. The plaintiff does not pretend that there is any evidence to sustain the allegation in his complaint that he was wrongfully ousted of possession by the defendants. They have not by force or intimidation molested him, and they have not interfered with the possession of the plaintiff or his grantor otherwise than by continuing to hold possession in the same manner as before the attempted location of the Pioneer placer claim. Therefore it is essential to his success for the plaintiff to prove that the defendants are mere intruders, having no color of title or right to possession.

The court finds from the evidence that the locators of the White Cap claim were citizens of the United States authorized to locate mining claims within the unappropriated public land of the United States, and that they in good faith performed the acts required by law in making a valid location; that they have never abandoned said claim, but have each year performed labor upon and about it of sufficient value to entitle them to hold it, and they are legal owners of said claim, if the original location embraces a vein of rock in place, bearing gold or other precious metal. And it is the opinion of the court that the plaintiff has failed to prove a superior right to possession of the disputed ground. He has failed to prove by a preponderance of the evidence, or any affirmative evidence, that there is not within the disputed ground a vein of metallic ore such as may be located only as a vein or lode claim. I concede that it is impossible to prove to a certainty that any 20-acre tract of ground does not contain in its depths a vein of metallic ore, and that it would be unreasonable to deny the right to locate a placer claim for lack of such proof, where no prior claim conflicts. On the other hand, it would be equally unreasonable to deny the validity of a vein or lode claim, located in good faith and based upon a discovery of indications sufficient to justify the expenditure of labor and money in an effort to uncover a valuable mine, before development work has progressed sufficiently to disprove the surface indications. If lack of evidence to prove the existence of a vein of metallic ore of sufficient value to pay for extracting the metal were sufficient to entitle the locator of a placer claim to recover possession from a prior locator, then a subsequent discovery of a vein apparently valuable would entitle a second locator of a vein or lode claim to recover possession from the owner of a placer claim, without waiting to demonstrate that such vein is in fact valuable, but my attention has not been directed to any precedent or statute or sound reason for permitting a claim jumper to occupy the attention of the courts in litigation of actions to recover possession from a prior locator when there is not sufficient evidence to create a positive belief with respect to the facts essential to the validity of the prior location. In this case the quartz formation is unique, and the evidence does not prove that the faith of the defendants in their claim is unreasonable or groundless, nor prove any such facts as are necessary to justify the court in dealing with them as trespassers. The mountain of pure quartz within the disputed ground is of itself evidence of an unusual condition, and until an opening shall have been made into the earth beneath its base, by excavating, tunneling, or boring, it cannot be determined with certainty whether the quartz exposed to view does or does not cover a vein of metallic ore of

considerable value, and, while the nature of the ground is thus uncertain, the court cannot find that the plaintiff has discharged his obligation to prove the most essential fact of his case by a fair preponderance of the evidence.

I therefore direct that findings be prepared for my signature in accordance with this opinion, and that a judgment be entered that the plaintiff take nothing, and that the defendants recover costs.