## BRADFORD *v.* MORRISON.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 60.   Argued January 7, 1909.—Decided February 23, 1909.

The title of a locator to a mining claim located under § 2322, Rev. Stat., is not only property, but property which, in addition to being sold, transferred and mortgaged, is also capable of being inherited without infringing the title of the United States.

Under the laws of Arizona, in force at the time, real property upon which a judgment was a lien included mining claims.

Title to a mining claim acquired by sale under lien of judgment is subject to forfeiture if conditions subsequent, such as the doing of necessary work, are not performed.

*Black v. Elkhorn,* 163 U. S. 445, holding that widow's dower did not attach under the law of Montana to the mining claim involved in that case, distinguished.

THIS is an appeal from a judgment of the Supreme Court of the Territory of Arizona, affirming a judgment of the District Court of Yavapai County, in that Territory, quieting the title to several mining claims involved in the action.

The appellant brought the action for such purpose under the provision of a statute permitting it, against Morrison, the appellee, together with Elmer R. McDowell and Thomas D. Bennett. McDowell and Bennett made default, but Morrison, the appellee, as the assignee of Bennett, duly filed his amended answer, which contained a special denial that the appellant was the owner of the property described in her complaint, and he then set up that he was the assignee of one Thomas D. Bennett of a certain judgment, which was recovered in the same court in which this proceeding or action was brought, which judgment was for the sum of $2,730.25, and was against the two individuals, Tom Taylor and E. G. Wager, which was docketed December 30, 1899. The case was submitted to the trial court on an agreed statement of facts, and the trial resulted in a judgment quieting plaintiff's interest in the undivided three-fourths of the claim as against the defendants, and quieting appellee Morrison's title as against plaintiff and the other defendants in the remaining one-fourth of such claim.

An appeal taken to the Supreme Court of the Territory resulted in the affirmance of the judgment, and the plaintiff then took an appeal to this court upon a statement of facts found by the Supreme Court.

From this statement of facts it appears that the mining claims in controversy are unpatented lode claims. The judgment in *Bennett* v. *Wager* was rendered December 23, 1899,

and docketed December 30, 1899. On December 23, the day of the recovery of the judgment, and continuously thereafter until August 27, 1900, the actual coöwners and possessors of the mining claims were one D. C. Wood, the owner of a one-half interest, and E. G. Wager and Reese M. Ling, each a one-quarter interest. It is in regard to Wager's interest in the claims at that time, December 30, 1899, that the controversy has arisen.

On August 27, 1900, Wood, Wager and Ling, by mining deed, conveyed their interest in the claims to the McCabe Extension Mining & Milling Company, a corporation, and contemporaneously with the delivery of that deed the grantors placed the corporation in the actual and exclusive possession of the claims. The corporation, and its assignee, the plaintiff, ever since that time have been in the actual and exclusive possession of the claims, and have performed each and every year since the year 1900 to the date of the findings, which were filed January 23, 1907, annual labor in excess of the amount of $100 per annum upon each of said claims, and the corporation has during its possession of the claims expended more than $40,000 in improvements in and on the mines.

Neither Wager, Wood nor Ling has been in possession of the claims since August 27, 1900, when they conveyed them to the corporation.

The appellant claims under conveyance executed pursuant to judicial sales made under writs issued on a judgment obtained against the corporation subsequently to the conveyance made to it, and appellant is in the present actual and exclusive possession of the claims. Under one of these sales a deed was executed and delivered to her on October 26, 1904, which, it is said, related back to November 6, 1902, the date of the filing of the lien of the judgment against the company. On November 29, 1904, an execution was issued on the judgment in *Bennett* v. *Wager et al.*, and levied upon the interest which Wager had in the claim at the time judgment was recovered against him (December 30, 1899), and the sale was made un-

der that levy, December 22, 1904, to the appellee Morrison, and a certificate of sale was issued to him for that interest.

*Mr. E. M. Sanford* for appellant:

The docketing of the Bennett-Wager judgment on December 30, 1899, did not create a general lien on the unpatented mining claims in controversy. Without the aid of the statute there can be no lien under the term "real property" upon chattels, real or equitable estates, without the addition of equivalent language which would include such chattels and estates. *Jeffrey* v. *Moran*, 101 U. S. 285; *Merry* v. *Hallet*, 2 Cowen, 498; *Westervelt* v. *The People*, 20 Wend. 417; *People* v. *Irwin*, 14 California, 434; *Riley* v. *Nance*, 31 Pac. Rep. 1126; *Sommerville* v. *Stockton &c. Co.*, 76 Pac. Rep. 246; 2 Freeman on Judgments (4th ed.), § 348.

At common law a judgment was not a lien on mere equitable estates. *Massingdale* v. *Downes*, 7 How. 760; *Morsell* v. *Bank*, 91 U. S. 360; *Cooke* v. *Avery*, 147 U. S. 389; 12 Am. Enc. of Law (1st ed.), 103, note 3; *Sommerville* v. *Stockton Milling Co.*, 76 Pac. Rep. 246; *Bloomfield* v. *Easton*, 45 Pac. Rep. 681; *Merry* v. *Hallet*, 2 Cow. 497; *In re Estes*, 3 Fed. Rep. 141; *Sweezy* v. *Jones*, 21 N. W. Rep. 47; *Nessler* v. *Neher*, 26 N. W. Rep. 47; *Jenkins* v. *Fahey*, 73 N. W. Rep. 362.

As to the nature of the interest which a judgment debtor holds as locator or assignee of the locator, in an unpatented mining claim, see *Black* v. *Elkhorn &c. Co.*, 163 U. S. 445; Ballinger on Mines, 54; 10 Am. & Eng. Enc. of Law (2d ed.), 404, note 1; *Salem &c. Co.* v. *Stayton &c. Co.*, 33 Fed. Rep. 154; *McAllister* v. *Hutchinson*, 75 Pac. Rep. 41; *Wheeler* v. *West*, 11 Pac. Rep. 73; *Cowles* v. *Kidder*, 41 Pac. Rep. 16; 13 Am. & Eng. Enc. Law (1st ed.), 539; Lindley on Mines, 860; *Benson &c. Co.* v. *Alta &c. Co.*, 145 U. S. 128.

*Mr. Robert E. Morrison*, appellee, *pro se*, submitted:

Unpatented mining claims, for the purpose of establishing a judgment lien thereon, are included under the term "real

property," as used in the statute herein in question. See Title XII, R. S. A., 1901, Conveyances, §§ 1 and 13; *Forbes* v. *Gracey*, 94 U. S. 762; *Belk* v. *Meagher*, 104 U. S. 279; *McFeters* v. *Pierson*, 24 Pac. Rep. 1076; *Hopkins* v. *Noyes*, 2 Pac. Rep. 280; 2 Washburn on Real Property, 517.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The appellant asserts that no lien was created against the interest of E. G. Wager (the judgment debtor), in the unpatented claims in controversy by reason of the docketing of that judgment on the thirtieth of December, 1899. She also asserts that there was an abandonment in fact and in law by Wager of his interest in the mining claims, by reason of the making and delivery of the deed by himself and others, dated August 27, 1900, to the corporation mentioned and by contemporaneously therewith putting the company in the peaceful and exclusive possession of the claims. She further urges that the levy made under the execution of November 27, 1904, issued upon the judgment in *Bennett* v. *Wager*, created no special lien against the property that related back to the docketing of the judgment and that the sale of Wager's interest in the mining claims under that execution to the appellee vested in him no interest or title prior or paramount to the interest, possession and title of the appellant, and generally the appellant asserts that the judgment appealed from is contrary to law, in that an unpatented mining claim is not the subject of a judgment lien, and if it were, the lien was destroyed by the judgment debtor's abandonment of the claim on August 27, 1900.

The statute under which the question arises is Act No. 50 of the Session Laws of 1891 of the Territory of Arizona, page 50, § 4, which reads as follows:

"Every such judgment when so docketed shall, for a period of five years from the date of the rendition thereof, be a lien on the real property in the county where the same is docketed,

except the homestead, of every person against whom such judgment shall be rendered and docketed and which he may have at any time thereafter within said period of five years.",

Now, at the time of the docketing of this judgment E. G. Wager, the judgment debtor, was the owner of the undivided one-quarter interest, of record, in the mining claims named in the complaint, and the appellee contends that these unpatented mining claims were real property within the meaning of the above statute, for the purpose of establishing a judgment lien thereon.

The character of the possession of mining claims and the title under which they are held has been frequently adverted to in the decisions of this court, as well as in the many decisions of the courts of what may be termed "mining" States and Territories.

By § 2322 of the United States Revised Statutes it was enacted that "The locators of all mining locations heretofore made or which shall hereafter be made on any mineral vein, lode or ledge, situated on the public domain, their heirs and assigns . . . shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, and of all veins, lodes and ledges throughout their entire depth; . . ." 2 Comp. Stat. 1425.

In *Forbes v. Gracey*, 94 U. S. 762, 767, it is said the claims of this nature "are the subject of bargain and sale, and constitute very largely the wealth of the Pacific Coast States. They are property in the fullest sense of the word, and their ownership, transfer and use are governed by a well-defined code or codes of law, and are recognized by the States and Federal Government. This claim may be sold, transferred, mortgaged and inherited, without infringing the title of the United States."

In *Belk v. Meagher*, 104 U. S. 279, it was held that actual possession of the claim was not essential to the validity of the title obtained by a valid location, and until such location was terminated by abandonment or forfeiture no right or claim to the property could be acquired by an adverse entry thereon with

a view to the relocation thereof. Mr. Chief Justice Waite, in delivering the opinion of the court, referred to the language used in *Forbes* v. *Gracey, supra,* and reaffirmed the same.

In *Manuel* v. *Wulff,* 152 U. S. 505, 510, Mr. Chief Justice Fuller, in delivering the opinion of the court, again repeated the language in *Forbes* v. *Gracey, supra,* and again reaffirmed its correctness (at page 510). To the same effect is *Elder* v. *Horseshoe Mining & Milling Co.,* 194 U. S. 248; and see *Elder* v. *Wood,* 208 U. S. 226.

We thus find that the title of a locator to a mining claim is not only property, but it is property which, in addition to being sold, transferred and mortgaged, is also capable of being inherited, without in any manner infringing the title of the United States.

The legislature of Arizona, by a statute which was in force in December, 1899, defined the meaning to be given the term "real property" in the construction of statutes, as coextensive with lands, tenements and hereditaments. This statute is said to have been repealed September 1, 1901, before the execution was issued in this case, and was reënacted March 5, 1907. Session Laws, 1897, chapter 10, page 8, § 5.

That legislature, also, in the title of the Revised Statutes relating to conveyances, provided that "The term 'land,' as used in this title, is declared to mean and include mines and mining claims;" and the statute relating to fraud and fraudulent conveyances (Arizona Statutes, paragraph 2708) reads: "The term real estate, as used in this title, shall be deemed to include mines and mining claims." By paragraph 2948 of the same statutes it is enacted that "The words 'real property,' whenever used in this title, is taken to include mines." The statute relates to the limitation of actions, and provides for the remedies which may be enforced in mining claims.

It is not contended that these special statutes, except the first, thus referred to, relate to or affect judgment liens on mining property as real property, but they show the general intent of the legislature to include claims of such a nature in

speaking of real estate or real property. But the statute defining the meaning of the term "real property," was in force when the Wager judgment was obtained, and the statute made property that might be inherited, real property, upon which a judgment would be a lien. Taking the decisions of the courts, some of which are above referred to, and considering the general nature and meaning of the legislation of the Territory, we conclude that the words "real property" covered mining claims. The lien of the judgment therefore existed when the conveyance by Wager was made in August, 1900, and that conveyance would be subject to that lien.

Of course, if the conditions subsequent, as the doing of the necessary work, were not performed, the title would be subject to forfeiture.

The case of *Black* v. *Elkhorn*, 163 U. S. 445, has been referred to as in some way inconsistent with the decision of the court below in this case. All that was there decided was that the plaintiff, widow of the locator, was not entitled to dower under the statutes of Montana on that subject with reference to a mining claim under the statutes of the United States.

This court held that under the Federal statute no right was granted to the wife of a locator, either present or contingent, and that the Government, being the owner of the land, could impose its own terms upon which to grant any right, whether of possession or of purchase. The character of the interest of a locator in a mining claim, as held in the cases above cited, was referred to and was not questioned. The case turned upon the peculiar nature of the widow's claim for dower in such a case and that such interest did not attach to mining claims. That as the Government still retained the title, the locator did not take such an estate in the claim that dower attached to it.

The judgment under which the appellee claims having become a lien under the Arizona statute upon being docketed in December, 1899, the subsequent conveyance of the interest of the judgment debtor to a third party did not clear the prop-

erty from the lien of the judgment, but the same was in force at the time of the issuing of the execution upon it and of the sale under such execution.

The judgment of the Supreme Court of Arizona was right, and is

*Affirmed.*