[Civil No. 1050.   Filed March 20, 1909.]

[100 Pac. 439.]

IVAN L. NEAL, Plaintiff and Appellant, v. WILLIAM L. KAYSER, Defendant and Appellee.

1. PUBLIC LANDS—UNSURVEYED LANDS—POSSESSORY RIGHTS—CONVEY-ANCE.—The conveyance of a possessory right to unsurveyed public lands is not equivalent to an abandonment thereof.

2. PUBLIC LANDS—UNSURVEYED LANDS—POSSESSORY RIGHTS—PART-NERSHIPS.—Though not qualified to enter public land under the federal laws when surveyed, a partnership can hold unsurveyed public land under a claim of possessory right and transfer it, one's capacity to initiate such right being subject to question only by the government.

3. PUBLIC LANDS—UNSURVEYED LANDS—POSSESSORY RIGHTS—PART-NERSHIPS.—Possession of unsurveyed public land can be held by a tenant or agent for a partnership holding under a possessory right.

4. PUBLIC LANDS—UNSURVEYED LANDS—POSSESSORY RIGHTS—TEM-PORARY ABSENCE—EFFECT.—Unsurveyed public land was not open to location, though no one was actually in possession, where the absence of an agent of the partnership holding a possessory right was temporary only.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Mohave. Richard E. Sloan, Judge.   Affirmed.

The facts are stated in the opinion.

E. M. Sanford, for Appellant.

"The right of a settler on the public land must rest upon his personal and actual settlement alone, and neither the

ownership of the improvements, nor possession by means of the improvement of the land by an agent, constitute him a *bona fide* settler." *Kelso* v. *Hickman,* 26 L. D. 617; *Culver* v. *McMillan,* 17 L. D. 501; *Esperance* v. *Ferry,* 13 L. D. 142; *Willis* v. *Parker,* 8 L. D. 623; *Knight* v. *Haucke,* 2 L. D. 188; *Howden* v. *Piper,* 3 L. D. 163–294; *Elmer* v. *Bowen,* 4 L. D. 337; *Hunter* v. *Blodgett,* 20 L. D. 452; *In re Frank,* 2 L. D. 628; *Fuller* v. *Clibon,* 15 L. D. 231. The intent honestly to appropriate the land and the facts necessary to constitute a settlement must harmonize. *Howden* v. *Piper,* 3 L. D. 163. Settlement rights under the public land laws cannot be acquired by the mere purchase of improvements and possession of another. Such rights are only acquired through acts of settlement in person by the party seeking to secure the benefit thereof. *Esperance* v. *Ferry,* 13 L. D. 142; *Wills* v. *Parker,* 8 L. D. 626.

Possession of an occupant cannot be tacked to the possession of a previous occupant of public lands. *Pacific Live Stock Co.* v. *Gentry,* 38 Or. 275, 61 Pac. 425; *Hindman* v. *Rizon,* 21 Or. 112, 27 Pac. 13; *Griseza* v. *Terwilliger,* 144 Cal. 456, 77 Pac. 1036. Settlement is allowed on public land to those who in good faith intend to purchase. *Buxton* v. *Traver,* 130 U. S. 232, 9 Sup. Ct. 509, 32 L. Ed. 920. If one abandons the land another settler occupies, the former lost his right to the possession. *Missionary Soc.* v. *Dalles City,* 107 U. S. 336, 2 Sup. Ct. 672, 27 L. Ed. 545; *Daubenbiss* v. *White* (Cal.), 31 Pac. 362.

Norris & Ross, for Appellee.

The disqualifications of a copartnership to hold a possessory right on the unsurveyed public domain cannot be questioned by the appellant here. "The weight of authority has always been and the settled policy of our courts may now, in the light of the more recent decisions on that point, be said to be that while only a qualified citizen can by location or filing initiate a right to a tract of the public land from which there can, by compliance with the requirements of the law and proper proof, be perfected a complete and valid title in fee, the rights thus initiated by the qualified citizen become and are recognized as property susceptible of sale and transfer; and that such sale and transfer may be made to aliens, corporations

or other persons not possessing the qualifications that would
enable them to initiate such rights and property interests.''
*Tidwell* v. *Chiricahua Cattle Co.*, 5 Ariz. 352, 53 Pac. 192.

The decision in the Tidwell case gives full evidence of its
harmony with the authorities. Other decisions supporting
it are: *Waring* v. *Loomis*, 35 Wash. 85, 76 Pac. 510; *Brown*
v. *Killabrew*, 21 Nev. 437, 33 Pac. 865; *Thallman* v. *Thomas*,
111 Fed. 277, 49 C. C. A. 317; *Kendall* v. *Waters*, 68 Cal. 26,
8 Pac. 510; *Hambleton* v. *Duhain*, 71 Cal. 136, 11 Pac. 865.

KENT, C. J.—This is a statutory action, brought by Neal
in the district court to determine the right of possession
claimed by Neal to a tract of land, being a portion of the
unsurveyed public agricultural lands of the United States in
Mohave county. The answer contained a general denial, and
set up the affirmative defense of right of possession in the
defendant, Kayser, by virtue of the occupancy of the land
by Kayser and his predecessors in interest for the period of
ten years and more. Judgment was entered that the plaintiff
take nothing by his action, and from this judgment, and the
denial of a motion for a new trial, the plaintiff has appealed.

The evidence showed that at the time of the commencement
of the action Kayser was in possession, claiming under a series
of conveyances of the land and its improvements from his
predecessors in interest and possession, covering a period of
twenty years; that at the time of the attempted taking pos-
session of the premises by the plaintiff, Neal, the possession
and ownership of the land was claimed by the predecessor
of Kayser in interest, a certain copartnership, by conveyance
to it, and that such copartnership through its lessee, and
through its agent, was exercising rights of ownership and pos-
session, which facts were known to Neal; that at the precise
time of Neal's attempted taking possession no one was ac-
tually on the property, the agent being temporarily absent,
and the house on the property did not show signs of recent
habitation.

The appellant has assigned numerous errors, only a few
of which are argued in his brief. All the errors assigned,
and the argument of the appellant, are based upon these
propositions: (1) That the conveyance of a possessory right
to the unsurveyed public domain is equivalent to an abandon-

ment thereof; (2) that a copartnership, not being qualified as such to enter the land under the laws of the United States, when surveyed, could not hold such land under claim of possessory right, or transfer it to the defendant; (3) that possession could not be held for such partnership by a tenant or agent; (4) that since, at the time the plaintiff attempted to take possession, there was no one actually on the premises, and since the premises had the appearance of being abandoned, they were in fact unoccupied and open to location. All these contentions of the appellant have already been decided by this court adversely to him in the case of *Tidwell* v. *Chiricahua Cattle Co.*, 5 Ariz. 352, 53 Pac. 192. We see no reason to question the correctness of the conclusions there reached. We there held with respect to unsurveyed public land that, while only a qualified citizen can by location, or filing, initiate a right to a tract of the public land, from which there can, by compliance with the requirements of law, be perfected a complete and valid title in fee, the rights thus initiated by the qualified citizen become and are recognized as properly susceptible of sale and transfer, and that such sale and transfer may be made to persons not possessing the qualifications that would enable them to initiate such property rights and interests; that the incapacity of such persons to initiate such right, or subsequently to perfect such title, can be called in question only by the sovereign, and cannot be invoked to attack their right to be protected in the possession and enjoyment of their property, or to attack the validity of thei  onveyance of the same to subsequent grantees. We, therefore, there held that a corporation might maintain its action of ejectment to a tract of unsurveyed public land to which it had deraigned title by a series of deeds from its predecessors in interest. We further held in the case cited that, the evidence showing the corporation to be in possession of the premises through its agent and tenant, and there being a change of tenants effected, an attempted taking possession of the premises by the defendant during the interval between the departure of the one tenant and the arrival of the other, when temporarily no one was in actual physical occupancy, was not the taking possession of unoccupied vacant public domain, and that the physical presence of the owner at all times upon the premises was not necessary to constitute legal

possession. This common-sense doctrine we affirm, if affirmation is necessary. These principles which we then held, and now affirm are in accord with the following authorities: *Thallman* v. *Thomas,* 111 Fed. 277, 49 C. C. A. 317; *Waring* v. *Loomis,* 35 Wash. 85, 76 Pac. 510; *Brown* v. *Killabrew,* 21 Nev. 437, 33 Pac. 865.

The judgment of the district court is affirmed.

DOAN, CAMPBELL, and NAVE, JJ., concur.