**132 P.2d 1048**

**WINSLOW v. BURNS et al.**

**No. 4721.**

Supreme Court of New Mexico.

Jan. 8, 1943.

H. Vearle Payne, of Lordsburg, for appellants.

Joseph F. Woodbury, of Silver City, and Fred C. Knollenberg, of El Paso, Tex., for appellee.

BICKLEY, Justice.

This is an action commenced by plaintiff (appellee) to recover possession of a mining claim. The case was tried to the court.

The court made findings of fact, in substance that plaintiff had performed all necessary acts in locating this mining claim. The defendant (appellant) attacks these findings as not being supported by substantial evidence.

In this sort of possessory action, it is the duty of the court to consider the strength of the possessory title of each of the adversary parties. Upton v. Santa Rita Min. Co., 14 N.M. 96, 89 P. 275.

In Johnson v. Ryan, 43 N.M. 127, 86 P.2d 1040, 1044, involving similar questions, it is suggested that it is appropriate to consider the equities in determining which of the claimants has the better right. In this case we said also: "The quotation from the L.R.A. note supra [7 L.R.A.,N.S., 856], indicates the common-sense principle that in possessory actions of this kind good faith upon the part of a relocator is a factor to be considered in the decision. It is also frequently said that every case of this nature must be decided upon its own facts."

Appellee here invokes this doctrine and quotes also from Tweedy v. Parsons, 1933, 217 Cal. 447, 19 P.2d 497, 498 as follows: "Good faith, as an element in the initiation of mining rights under federal and state laws, is absolutely essential to the validity of such rights, may not be dispensed with, and lack of it vitiates any attempt to initiate such rights."

The appellee urges the broad rule laid down in Morrison's Mining Rights, 16th Ed., page 100, that: "No right can be initiated on government land by force, fraud or clandestine entry upon the actual possession of another, whether the location of such other be valid or invalid."

These principles we apply in the case at bar in aid of the plaintiff's case, he having the older title, and in invoking the rule that as between the prior locator in possession and a subsequent locator, the evidence of the prior locator will be viewed in the most favorable light such evidence will reasonably justify.

For reasons which will become apparent in the discussion to follow, we deem it advisable to say that the court's finding No. 1 fixes the date of plaintiff's location of his claim Sunrise No. 1, as February 2,

1941. Other findings of fact and conclusions of law are as follows:

"II That said claim was located by plaintiff at the time and place aforesaid by the discovery of mineral in place thereon to-wit: Tungsten; and by the posting thereon of a notice of location in writing, stating the name of the locator, his intention to locate the claim and a description of the claim by reference to a natural object identifying the claim to-wit: Granite Gap; and by distinctly marking the location on the ground by four substantial monuments, one at each corner of the claim so that its boundaries can be readily traced.

"III That on or about the 19th day of April, 1941, plaintiff returned to the claim and discovered that the location notice which he had posted on said claim on the 2nd day of February, 1941, had been removed, whereupon, he again posted a notice upon the claim conforming substantially to the first notice so posted and thereafter on the 29th day of April, 1941, caused a copy of the notice so posted on or about the 19th day of April, 1941, to be recorded in the office of the County Clerk of Hidalgo County, New Mexico.

"IV That on the 22nd day of April, 1941, plaintiff was entitled to the possession of said claim and entered into and upon said claim for the purpose of performing the location work required by law to perfect said location and thereafter on the 23rd day of April, 1941, defendant Roberts Burns entered into and upon said claim and ousted plaintiff from the possession thereof and refused to allow or permit plaintiff to go into and upon said claim for the purpose of performing such location work; that thereafter on the 27th day of April, 1941, work was resumed by plaintiff and completed by the sinking of a discovery shaft to a depth of at least ten feet from the lowest part of the rim of said discovery shaft at the surface, exposing mineral in place.

"V That on or about February 6, 1941, plaintiff told defendant R. A. Dooley that he had located said claim for Tungsten and thereafter on the 8th day of February, 1941, defendant Dooley, with full knowledge of plaintiff's location, went in and upon said claim and located a claim known as the Good Friday, which conflicts with the Sunrise No. 1 claim; that at said time and place Dooley asserted that he was locating said claim for Bismuth and requested plaintiff to sign the location notice of the Good Friday claim as a witness, which plaintiff did after again asserting that he claimed the ground covered by the Sunrise No. 1 claim.

"VI That defendant Dooley induced plaintiff to sign the Good Friday location notice upon the representation that defendant Dooley's location would in no wise interfere with plaintiff's location or the validity thereof and that said defendant was not claiming any rights acquired by plaintiff by virtue of his location.

"VII That plaintiff has at all times from the date of the location of said Sunrise No. 1 claim, asserted his right to the possession of said claim and has not made any

declaration of abandonment or done any other act indicative of any intention to abandon.

"VIII That plaintiff performed all acts required by the Laws of the United States and the State of New Mexico to make and perfect a valid location of said Sunrise No. 1 claim.

"IX That the Court has jurisdiction of the parties to and the subject matter of this action.

"Conclusions of Law.

"From the foregoing facts, and from the files and records of this cause, the Court doth conclude as a matter of law:

"I That said Sunrise No. 1 claim is a valid, subsisting unpatented lode claim under the Laws of the United States and the State of New Mexico and that plaintiff is entitled to the possession thereof.

"II That plaintiff has not abandoned said mining claim.

"III That said Good Friday claim is invalid and that defendants, by reason thereof, have no right, title or interest to the area in conflict between the Sunrise No. 1 claim and the Good Friday claim and are not now and never were entitled to the possession of such area.

"IV That judgment should be entered in favor of plaintiff and against defendants, restoring to plaintiff possession of all said Sunrise No. 1 claim."

The appellant vigorously attacks finding No. 2, and in particular, that portion thereof which as construed by appel-lant would seem to declare that plaintiff distinctly marked the location "at the time and place aforesaid" to-wit: Feb. 2, 1941. We do not agree with defendant's appraisal. If the plaintiff after making a discovery and posting his notice, subsequently and within a reasonable time marked the boundaries of his location, this performance would relate back to the date of posting a sufficient notice. That is the way we understand the language of this finding.

We have examined the record and we hold that the court's findings of fact are sustained by substantial evidence, insofar as the rights of the parties are involved in the case at bar. We do not intend that this statement so far as finding No. 8 is concerned shall be an adjudication so far as the reserved title in the United States is concerned.

We also hold that the findings support the conclusions of law and we agree with the trial court that plaintiff did not abandon his claim.

A little further discussion is indicated as to the support to be found in the evidence for finding No. 6. Appellant says: "Appellant asserts With Emphasis that there is not one shred of evidence to sustain this finding of fact. Hence, It is impossible to state the evidence. The record has been searched in vain for any such evidence. In fact, the Plaintiff Winslow asserted that Dooley made no statement or representations of any kind."

Appellant overlooks the principle of implied statements. We find in Words and

Phrases, Perm.Ed., vol. 37, pp. 33, 43, 44, defining "Representation", the following:

"While in its strict sense, a 'representation' is an assertion or statement of some fact, it may also include an implied representation by conduct that a fact exists, including both express and implied statements, so that whatever word, action, or conduct conveys a real impression that a fact exists is embraced in the term. Ricks v. State, 8 Ga.App. 449, 69 S.E. 576, 577."

"Estoppel may arise from silence or passive conduct on the part of one who has knowledge of the facts, and whose duty it is to speak if such silence is misleading, since, while there must be something equivalent to a representation, silence or concealment where one ought to speak is regarded as in effect a 'representation.' Palmer v. Welch, 171 Mo.App. 580, 154 S.W. 433, 438."

"The term 'representation' is used for convenience as including both express and implied statements. It is not necessary that there should be an express statement. Whatever word, action, or conduct conveys a clear impression as of a fact is embraced in the term. Indeed, the term 'representation' includes silence in certain cases; for silence, where one is bound to speak, is ordinarily equivalent to an admission of fact. Foster v. McAlester, 3 Ind.T. 307, 58 S.W. 679, 684."

So understood, and according to the trial court, the usual prerogative of arriving at the credibility of the witnesses and weighing the evidence, we have no difficulty in discovering in the record substantial evidence supporting finding No. 6 as well as the others.

Applying the principles of review binding upon appellate courts, and having considered all of appellants' contentions, we hold that under the circumstances of this case the plaintiff has shown the better right to the possession of the mining claim involved, and we affirm the judgment awarding possession to plaintiff.

It is so ordered.

BRICE, SADLER, and MABRY, JJ., concur.

ZINN, C. J., did not participate.