354 P.2d 40

John Sherman BAGG, Appellant,

v.

NEW JERSEY LOAN COMPANY, a corporation, Appellee.

No. 6657.

Supreme Court of Arizona.

July 14, 1960.

184

Pickrell, Hunter, Bartlett & Penn, for appellant.

Carl G. Krook, Kingman, Nicholas Martini, Passaic, N. J., for appellee.

JOHNSON, Justice.

Appeal from judgment of the trial court sitting without a jury quieting plaintiff's right to exclusive possession of certain mineral lands and personal property located thereon, against the defendant Bagg. The parties will be referred to herein as they appeared below.

The relevant facts necessary to the disposition of this matter are these: on August 11, 1953, the Arizona Mining Corporation, a predecessor in interest to plaintiff, by and through its president, John T. Mac-Evoy, appointed John Sherman Bagg, the defendant herein, its agent for the general purposes of supervising operations of the corporation in and around Chloride, Arizona, and to exercise a custodial function over a group of lode mining claims, consisting of both patented and unpatented claims. This group of claims is situated in the Chloride Section of the Wallapai Mining District, Mohave County, Arizona, and is commonly known as the "Samoa Group". Acting within the scope of his agency, defendant caused certain assessment work to be performed upon four unpatented lode claims of the Samoa group, namely, the "Hillside", "Tunnel", "First of July" and the "Mountain Side," this work constituting the annual assessment work of these respective claims for the year ending July 1, 1954, as required by law.

Of the claims forming the Samoa group, this matter focuses attention on the Hill-side unpatented lode claim. Serving the claims of the Samoa group is a tunnel some 1,700 feet in length, with its portal on the Hillside claim. Situated below the Hillside claim, and not a part of the Samoa group, is the Virginia No. 1 claim, operated by the Lucky Boy Mining Corporation, encompassing a five-acre tract called the Hillside millsite, which though so denominated, is not a millsite in the mining law sense of the term. Various buildings are located on the millsite, including an office building, a residence and a compressor house.

Defendant predicates his asserted right to the possession of a large sector of the Hillside claim and its personalty, and to the improvements on the millsite, upon a location made by him on June 16, 1955, when he was still an employee or agent of the Arizona Mining Corporation. This location, known as the Bulldog mining claim, includes that portion of the Hillside claim upon which is to be found the portal to the aforementioned tunnel. In addition, the Bulldog location embraces within its boundaries all the millsite improvements with the exception of a portion of the compressor house. Defendant in his own behalf testified that he performed all necessary acts to the valid location of a mining claim and that his discovery work on the Bulldog claim disclosed mineral in place.

Plaintiff, the New Jersey Loan Company, asserts ownership of the Hillside claim by virtue of a mining deed dated August 3,

1955, by which the Arizona Mining Corporation undertook to convey certain patented and unpatented mining claims, the Samoa group, to plaintiff with the personalty thereon situated. Claim of title by plaintiff to the Hillside millsite emanates from a deed dated February 3, 1956, wherein the Lucky Boy Mining Corporation conveyed to plaintiff all surface rights and privileges to the five-acre tract. It will be noted that the filing of the Bulldog location by defendant preceded plaintiff's acquisition of the two deeds.

At the trial, plaintiff, to show its superior title and present possession, introduced into evidence not only the two deeds, but additionally affidavits of labor covering not only the Samoa group, but also the Lucky Boy group, appertaining respectively to the Hillside claim and the millsite. With respect to the claim, affidavits were introduced for the years July 1, 1953 to July 1, 1954, executed by John Sherman Bagg on behalf of the Arizona Mining Corporation; July 1, 1954 to July 1, 1955, by Charles Toos for the New Jersey Loan Company; July 1, 1955 to July 1, 1956, by Charles Toos, for the New Jersey Loan Company; and for July 1, 1956 to July 1, 1957, by C. G. Patterson for the New Jersey Loan Company. The latter affidavit also made reference to assessment work performed on the millsite. With respect to the millsite, affidavits were introduced for the years July 1, 1955 to July 1, 1956, by C. G. Patterson for the

Lucky Boy Mining Corporation, and July 1, 1956 to July 1, 1957, by C. G. Patterson for the same Lucky Boy Mining Corporation.

It would appear, therefore, and it is not otherwise contested by defendant, that when defendant filed the Bulldog location, on June 16, 1955, the Hillside claim was claimed by and in the possession of the Arizona Mining Corporation. With respect to the status of the millsite, in this matter of possession, prior to and on June 16, 1955, the record is vague and inconclusive, no affidavits of labor on or before that date having been put in evidence, nor other evidence of ownership or possession other than the deed of February 3, 1956 reciting the Lucky Boy Mining Corporation as grantor. We do not deem this inadequacy in the record, however, as having any material significance, for reasons to be set forth later in this opinion.

By its judgment, the trial court granted plaintiff the relief sought in its first stated cause of action, and as to the second, ordered defendant to surrender to plaintiff the immediate possession of certain items of personalty removed or otherwise kept from plaintiff's control by defendant. To understand the extent of the relief granted plaintiff by the court in regard to plaintiff's first cause of action, we set forth the latter, in pertinent part, as follows:

"Wherefore, plaintiff prays judgment against the defendants:

"1. That said defendants, and each of them, be required to set forth the nature of their several claims, if any they have, and that all adverse claims of said defendants, or any of them, be determined by the Decree of this Court; that by said Decree it be declared and adjudged that the plaintiff is the owner and entitled to the exclusive possession of said Hillside mining claim and said Hillside Millsite, and the improvements and all mining equipment, tools and other personal property thereon, and the lands embraced therein, and that plaintiff's estate therein be established, and that the defendants, and each and all of them, have no estate, title or interest whatsoever in, of or to said mining claims, or any improvements, equipment, machinery and other personal property thereon, or either of them, and the lands embraced therein, or any part thereof, and that said defendants, and each and all of them, be forever barred and estopped from having, asserting, or claiming any right or title to the said premises adverse to the claim, right and title of plaintiff."

We may therefore proceed upon the assumption of the judgment appealed from is one confirming plaintiff's assertion of ownership of both the Hillsite claim and the Hillside millsite, and of the various improvements and personal property located on the respective properties, and that defendant have no legal interest in any of this.

In his answer, defendant directly confronted plaintiff's assertion of ownership of the two Hillside properties with an assertion of ownership on his own behalf based upon the purported Bulldog location. Defendant, however, did not allege a forfeiture or abandonment connected with these properties as the basis of his location, rather alleging in effect that plaintiff did not own the properties because at the time of the Bulldog location, they were on public land open to location.

Proceeding upon the hypothesis that plaintiff's action was a suit to quiet its title to the subject properties, defendant offers the general rule in such actions that a plaintiff must succeed on the strength of its own title and not on the weakness of the adversary's title. Applying this rule to the plaintiff, defendant contends that to be entitled to a quiet title decree, plaintiff must show a valid original location or relocation, or in lieu thereof, a consecutive chain of title to it from a valid original locator or relocator, and submits the proposition that a deed from one not shown to have title to land is not sufficient proof of title to sustain a suit to quiet title thereto. Defendant thereupon attacks both the validity and timeliness of plaintiffs' deeds, and in addition relies upon plaintiff's alleged failure to

prove sufficient title in its predecessors in interest.

■ We are not concerned with all this. This is not a quiet title action. The rule of law upon which defendant bases its hopes is that applicable where the fee title is at issue in an "adverse suit" involving the quieting of title to mining claims after application for patent has been made. Rundle v. Republic Cement Corporation, 86 Ariz. 96, 341 P.2d 226. But there is another action available in certain circumstances, the "possessory action", the nature of which is set forth comprehensively in American Mining Law, Fourth Edition (edited by A. H. Ricketts) Vol. 1, Ch. XIX, §§ 382, 383, and 384, from which we quote:

"§ 382. Introductory

"The main difference between an 'adverse suit' and a 'possessory action' is that in an adverse suit the judgment therein affects the title to the ground in dispute as between the parties thereto and the government and the judgment in a possessory action affects only the title to the ground as between parties litigant. As a general rule an action in ejectment, or a suit to quiet title, as circumstances may dictate, is as proper in the one class of cases as in the other, * * *.

"§ 383. Actions

"A possessory action for the recovery of any mining title * * * is adjudged by the law of possession between the parties, although the paramount title to the land is in the United States. This leaves the United States entirely out of consideration, and neither party can take advantage of the paramount title of the United States either to sustain his own title or to defeat that of his adversary.

"§ 384. Law of Possession

"The law of possession means that the prior location and occupation carry with them the prior and better right; or, in other words, the possessory right is the right to explore and work the property under the existing law and regulations. All controversies as to mining claims before patent must be determined by the law of possession. * * *"

Though frequently referred to as such in the briefs, this action clearly is not one to quiet title in the ordinary sense; it is a possessory action. The distinction is not without consequence, for the rule to be applied then is not that respecting the strength of plaintiff's title, but the rule that the *better title* prevails. Rundle v. Republic Cement Corporation, supra. As between the parties to the lawsuit, which is more entitled to the possession of the property under dispute?

We next proceed with a recitation of applicable legal principles.

■ Location is the foundation of the possessory title, and possession thereunder,

as required by law and local rules and customs, keeps the title alive, and the government holds the superior title in trust for the person thus holding the possessory title. Tibbitts v. Ah Tong, 4 Mont. 536, 2 P. 759. While a locator's rights before patent are only possessory, his interest is regarded as real property and accorded that protection, Whalley v. George, 52 Ariz. 267, 80 P.2d 449; Bradford v. Morrison, 212 U.S. 389, 29 S.Ct. 349, 53 L.Ed. 564, and may be sold, transferred, mortgaged and inherited. Alexander et al. v. Sherman et al., 2 Ariz. 326, 16 P. 45. While a locator of a mining claim is in possession it is not competent for others upon a discovery made upon adjoining ground to project the location over the first occupied premises. Weed v. Snook, 144 Cal. 439, 77 P. 1023.

 It is fundamental that to be valid, a mining claim must be filed upon public land open and subject to entry at the time location is made. State v. Tracy, 76 Ariz. 7, 257 P.2d 860. It is equally fundamental that the possessor of a mining claim in a mining district is presumed to be the owner thereof. Risch v. Wiseman et al., 36 Or. 484, 59 P. 1111. In an action to attain possession of a claim, the possession of which has resided with the adverse party for some time, the claimant may not recover, although the adverse party's title or right to possession is defective, unless the claimant can show a superior right to possession in himself. Bradley v. Fackler, 13 Wash.2d 614, 126 P.2d 190; Bevis v. Markland, C.C.E.D.Wash.1904, 130 F. 226. We hold the rule applies equally to the situation where the party in possession seeks to free its property from the adverse claims of a subsequent locator. And as between a prior locator in possession and a subsequent locator, the evidence of the prior locator will be viewed in the most favorable light it will justify. Winslow v. Burns, 47 N.M. 29, 132 P.2d 1048.

 It is axiomatic that a locator must act in good faith. This rule is particularly stringent in the case of a purported subsequent locator attempting to wrest possession from a prior party in the peaceable possession of the premises. Any subsequent locator entering upon the actual possession of another's claim for the purpose of initiating a claim must act in good faith, although the prior location in fact be invalid, and when the entry is in bad faith, it constitutes a naked trespass, void ab initio. Brown v. Murphy, 36 Cal. App.2d 171, 97 P.2d 281; Harvey v. Havener, 135 Mont. 437, 340 P.2d 1084. Thus, if a subsequent locator enters into possession of a claim knowing that a prior party is in possession of it and has located it, the entry is in bad faith, Brown v. Murphy, supra; similarly, if the subsequent locator tries to locate ground he knows is being located by another, and attempts by so doing to prevail via technical defects in the title or right to possession of the prior·

party, he is not in good faith. Harvey v. Havener, supra. Finally, we fully concur in the principle underlying the doctrine that where a claimant attacks proof of labor performed on a claim for previous years, the claimant thereby admits *knowledge* of the prior location, and this *knowledge obviates the necessity for further proof of such a prior location,* and therefore the claimant will be confined to proof of an abandonment or forfeiture, on the theory that *so far as the claimant is concerned, the claim is not open for relocation.* Hess v. Moodey, 35 Cal.App.2d 401, 95 P. 2d 699. It is but an elementary statement that the essence of the foregoing rule is not the attack upon the proof of labor performed by the prior holder, but instead the *knowledge* prior to the subsequent location that labor had been performed by the party in possession upon the subject claim.

No citation of authority is required to support the statement that the all-pervading purpose of the mining laws is to further the speedy and orderly development of the mineral resources of our country. Consequently, title to mineral lands cannot be acquired by occupancy unless for the prime purpose of mining or extracting minerals. Burns v. Clark, 133 Cal. 634, 66 P. 12; Tit. 30 U.S.C.A. § 22. We therefore hold that an attempted location for any other purpose than that thus specified, is wholly void.

So long as the rights of an original appropriator of mining property are extant, any attempted location of the property is wholly void. Belk v. Meagher, 104 U.S. 279, 26 L.Ed. 735; Clipper Mining Co. v. Eli Mining & Land Co., 194 U.S. 220, 24 S.Ct. 632, 48 L.Ed. 944; Del Monte Mining & Mill Co. v. Last Chance Mining & Mill Co., 171 U.S. 55, 18 S.Ct. 895, 43 L. Ed. 72; Swanson v. Sears, 224 U.S. 180, 32 S.Ct. 455, 56 L.Ed 721. Not only as against the prior locator, but also as against all the world. Belk v. Meagher, supra; Del Monte Mining & Mill Co. v. Last Chance Mining & Mill Co., supra. And neither a succeeding default by the original appropriator, whether by abandonment or forfeiture, Swanson v. Sears, supra, nor a subsequent location by the junior claimant can restore the void location. Jones v. Wild Goose Mining & Trading Co., 9 Cir., 1910, 177 F. 95, 29 L.R.A.,N.S., 392. It furthermore is perfectly obvious that the same results attend an attempted location that is void for lack of good faith.

Now, examining the facts of this case in the light reflected by the foregoing outline of legal principles, we find this: when defendant made his purported Bulldog location, on June 16, 1955, the Hillside claim was in the possession of the Arizona Mining Corporation, the predecessor in interest with respect to the claim to plaintiff, who took purported title thereto by deed dated August 3, 1955. With regard to the

millsite, plaintiff failed affirmatively to show possession in someone at the time of the Bulldog location. But this is of no moment to defendant's cause.

Because this is a possessory action, and in view of the Arizona Mining Corporation's subsisting possession on June 16, 1955, we thoroughly disagree with defendant's basic contention that the entire burden of proving right of possession rested on the shoulders of plaintiff. Plaintiff's prior and subsisting possession is prima facie evidence of possession by right. The defendant must step forth and show a superior right in himself and he must thus do so by production of affirmative evidence. Bradley v. Fackler, supra. Furthermore, any right he may assert by virtue of the Bulldog location must be grounded in that location, and may not result from any subsequent defect in plaintiff's title. For if defendant cannot prove a superior right to possession in himself on June 16, 1955, he has no right to be in the proceedings, and as against plaintiff's deeds, he cannot assert a void location.

The trial court in its findings of fact found that defendant in filing his claim did not act in good faith. With this conclusion there can be no argument.

Certainly defendant was aware of the Arizona Mining Corporation's subsisting possession when he filed his claim. Defendant himself filed an affidavit of labor performed upon the Hillside claim on behalf of the corporation for the year ending July 1, 1954. The Bulldog claim was filed within a year of July 1, 1954, specifically, on June 16, 1955. Consequently defendant must be charged with knowledge of the subsisting possession in plaintiff's predecessor in interest at the time he filed his purported location. Defendant in effect was attempting to wrest possession from one whom he knew to be in location, Harvey v. Havener, supra, and in fact, because of his knowledge of the possession at the time of his location, defendant must be held to have admitted at the trial the prior location thus obviating any further proof of such location, and therefore defendant must be held to have been limited to proof of abandonment or forfeiture, Hess v. Moodey, supra, which was not accomplished by defendant. Plaintiff's predecessor in interest having been in possession under a valid location, at least insofar as defendant is concerned, on June 16, 1955, defendant in his claim to the Hillside mining property is met with the fundamental rule that a valid locator has exclusive right to possession of his property until after abandonment or forfeiture. Neal v. Kayser, 12 Ariz. 118, 100 P. 439; Belk v. Meagher, supra. Such land, until then, is not a part of the public domain available for location.

Indeed, we find the trial court fully justified in its conclusion that defendant's entire purpose in locating the Bulldog claim

**192**

was to impose economic duress upon the Arizona Mining Corporation for the goal of enforcing defendant's claim to certain monies allegedly owed defendant by that company for services performed. From defendant's testimony at the trial, page 173 in the transcript, we quote:

"A My object in locating the whole claim was to protect myself against being cheated out of my just pay from the Arizona Mining Company."

We note that defendant attempted to effect this admitted object by removing certain items of personalty from the surface of the properties involved, and by padlocking certain buildings located thereon and preventing access thereto by plaintiff.

In view of the foregoing, we find it unnecessary to delve into the possession question concerning the Hillside millsite. The bad faith of the defendant in attempting to obtain payment of monies by the Arizona Mining Corporation through the device of a conflicting mining claim nullifies that claim and defendant must be held to be utterly without standing to challenge plaintiff's right to possession on any ground.

To the extent the trial court adjudged defendant to be wholly without interest in the properties at bar and ordered the return to plaintiff of all personalty held or retained by defendant, the judgment is affirmed. To the extent, however, that the trial court adjudged plaintiff in possession of absolute title to the properties, the judgment is modified as this action, being possessory, did not determine title at all save as between the immediate parties to the lawsuit.

Judgment modified and affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concur.