**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUNBURST MINERALS LLC, an Arizona limited liability company, | No. 19-15867 19-16553 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-08274-JWS |
| v. | |
| EMERALD COPPER CORPORATION, a Colorado corporation, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted June 2, 2020**
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Emerald Copper Corporation ("Emerald") appeals the district court's rulings

in favor of Sunburst Minerals LLC ("Sunburst"), which quieted Sunburst's title,

held Emerald liable in trespass, and granted attorneys' fees to Sunburst. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

assume knowledge of the facts and discuss them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not clearly err when it concluded that the mining claims known as the "Block Claims" were not oversized based on a recorded survey submitted by Emerald (known as "Exhibit 50"). Contrary to Emerald's arguments, we did not hold in *Sturtevant v. Vogel*, 167 F. 448 (9th Cir. 1909), that any variance or discrepancy between the monuments at the site and the recorded location certificate must be resolved in favor of the monuments' location. *See id.* at 452. This is especially true in a case like this one, where, unlike in *Sturtevant*, the proffered survey was performed based on location monuments that had been knocked over and found scattered around the disputed site. Emerald can point to no requirement under Arizona law that monuments must be maintained over time, or a rule that removed monuments would invalidate the claims in any way. Ariz. Rev. Stat. Ann. ("A.R.S.") § 27-203; *see also Nichols v. Ora Tahoma Mining Co.*, 151 P.2d 615, 622 (Nev. 1944); *Temescal Oil Mining & Dev. Co. v. Salcido*, 69 P. 1010, 1010 (Cal. 1902).

Further, contrary to Emerald's characterization of the record, Sunburst did in fact proffer other field evidence that conflicts with Emerald's recorded survey, which the district court appeared to credit over Emerald's Exhibit 50. Emerald provides no reason why this factual determination by the district court was clearly

erroneous.  *See United States v. Hinkson*, 585 F.3d 1247, 1259–62 (9th Cir. 2009).

The district court also did not err when it determined that three of Sunburst's mining claims—known as Emerald 5, Emerald 7, and Emerald 9—were not invalidated when they were amended by Sunburst in 2016.  The district court credited testimony by both Sunburst's and Emerald's witnesses that the three mining claims had been amended and re-monumented properly in 2016, and rejected Emerald's insistent reliance on lay testimony "that moving a location monument invalidates both the original claim and the amended claim [a]s inconsistent with A.R.S. § 27-202.C and 43 C.F.R. § 3833.21."  Further, exactly contrary to the proposition Emerald cites it for, *Smart v. Staunton*, 239 P. 514 (Ariz. 1925), explained that it was not "unreasonable to hold that one in the position of the junior locator in this case may not claim what amounts to a forfeiture of existing rights of the senior locator, made in good faith, because of the latter's failure to post the amended location notice at the proper place."  *Id.* at 520.

The district court also did not err when it held Emerald liable in trespass and entitled Sunburst "to only nominal damages of one dollar ($1.00)" based on the reasoning that the "parties' stipulated facts establish that Emerald drilled on some of the Sunburst claims."  Common law trespass does not require bad faith, *see* Restatement (Second) of Torts § 158 (1965), and Arizona follows the common law rule, *see Impson v. State*, 58 P.2d 523, 525 (Ariz. 1936) (differentiating larceny,

3

which requires intent, from "mere civil trespass," which encompasses "[e]very taking of another's property without legal justification [as] a trespass upon the owner's right to its continued possession" (quoting 36 Corpus Juris, 761–63, § 101)); *see also Taft v. Ball, Ball & Brosamer, Inc.*, 818 P.2d 158, 161 (Ariz. Ct. App. 1991) (citing Restatement (Second) of Torts § 158).

The cases Emerald cites do not hold otherwise. *Bagg v. New Jersey Loan Co.*, 354 P.2d 40 (Ariz. 1960), held that bad faith "constitutes a naked trespass, void ab initio," not that bad faith is a *necessary* element of a trespass claim. *Id.* at 45. And the "actual occupancy" requirement of *Geomet Exploration, Ltd. v. Lucky Mc Uranium Corp.*, 601 P.2d 1339, 1340 (Ariz. 1979) (en banc)—or the requirement of "possession and working of the claims," *Birchfield v. Thiercof*, 428 P.2d 148, 154 (Ariz. Ct. App. 1967)—applies only *prior to discovery* of mineral deposits in the claim. Given that Emerald stipulated to facts that it drilled on Sunburst's unpatented lode claims (which are predicated on the actual discovery of minerals), the doctrine of *pedis possessio* does not apply under *Geomet* or *Birchfield*.

Finally, the district court did not abuse its discretion in awarding attorneys' fees to Sunburst under A.R.S. § 12-1103.B (allowing the award of attorneys' fees in "action[s] to quiet title to real property"). Emerald provides no grounds on which to reject or distinguish the "general rule" that a possessory action can also

4

be an action to quiet title. *Rundle v. Republic Cement Corp.*, 341 P.2d 226, 228 (Ariz. 1959). Nor do we think any such grounds exist in this case, as quieting Sunburst's title to its unpatented mining claims and mill sites is exactly what the district court's final judgment in fact did.

As to the portion of the attorneys' fee award attributed to Sunburst's attorneys' work on the trespass cause of action, the sole case that Emerald relies on to argue that such portion should be excluded held that it was *not* an abuse of the trial court's discretion to grant a similar fee award. *Chantler v. Wood*, 430 P.2d 713, 718 (Ariz. Ct. App. 1967), *supplemented*, 432 P.2d 469 (Ariz. Ct. App. 1967). Further, Arizona law permits attorneys' fee awards for work related to a claim that they would otherwise not be entitled to receive as long as that claim is "interwoven" or interdependent with another, compensable claim. *See Campbell v. Westdahl*, 715 P.2d 288, 296–97 (Ariz. Ct. App. 1985) (citing A.R.S. § 12-341.01 and affirming an award of attorneys' fees "for tort claims that are intertwined with contract claims" even though the statute expressly permits fees only in "cases arising out of contract"). Because the district court recognized (and the parties conceded) that "the fate of [the parties'] competing trespass causes of action depends solely on the success of their respective quiet title actions," the district court did not err in failing to exclude the portion of Sunburst's attorneys' fees attributed to work on its trespass cause of action.

**AFFIRMED.**