E. FIELD ET AL., RESPONDENTS, v. M. GREY ET AL., APPELLANTS.

PARTY IN POSSESSION OF MINING CLAIM MAY HOLD SURFACE OF SAME while he is continuously and industriously seeking a vein or lode believed to exist therein, as against all parties having no better right thereto, and may eject them therefrom if they intrude upon his possession.

APPEAL from the district court of the first judicial district, county of Cochise. The mining ground in controversy is situated at Tombstone. After its location various parties entered on its limits and erected various improvements on it. This action was brought to eject these parties from the claim. The other facts are stated in the opinion.

*Morgan & Price*, for the appellants.

*Stanford, Earl*, and *Smith*, for the respondents.

By Court, FRENCH, C. J. :

This action is ejectment to recover possession of certain mining ground. The complaint is in the usual form for ejectment. The denials of the averments of the complaint contained in defendants' answer, except the denial as to damages, are defective.

But plaintiffs having proceeded to trial on the answer without objection in these respects, we shall consider the answer as a denial of the plaintiffs' allegations.

But the defendants show no right, and do not even claim any right, to the premises in controversy, or to the possession of the same, in their answer, but simply traverse plaintiffs' right to the same.

The plaintiffs had judgment, and defendants moved for a new trial, which was denied, and the appeal is from the judgment and from the order denying a new trial.

The statutory provision as to new trials in this territory provides: "When the notice designates as the ground upon which the motion will be made the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates as the ground of the motion errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no specifications be made, the statement shall be disregarded." Stat. of 1879, p. 71.

Plaintiffs object to the assignments under the statute. But their objection can not be justly sustained to all the assignments of error. Besides, plaintiffs have expressly agreed to the correctness of the statement on motion for new trial. The statement therefore can not be entirely disregarded under the provision of the statute: "If no specifications be made, the statement shall be disregarded."

The premises were located by plaintiffs' grantors as a mining claim, on the nineteenth day of December, 1878. At that time the premises were entirely vacant, open, unclaimed public land, without any adverse claim, occupancy, possession, or right whatever adverse to plaintiffs' grantors, and so continued till after said grantors, on the first day of July, 1879, conveyed the same by deed to plaintiffs herein, who then *entered under said deed.*

The evidence is clear, complete, and entirely unquestioned on the foregoing points. There is clear prior possession decisively established if the location by plaintiffs' grantors had any validity.

The act of May 10, 1872, revised statutes of the United

States, section 2320, among other provisions contains the following: "But no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located."

This broad and sweeping provision is earnestly invoked by the appellants in this case as fatal to plaintiffs' claim in this action on the statement and record therein.

It would be sufficient answer to this to say that, for the purpose of this appeal, there is a substantial conflict of testimony on this point—testimony of Field and others on croppings, etc.

Another and more decisive answer to defendants' position is that defendants are not in a position to invoke this provision of the statute against the plaintiffs in this action, for the reason that defendants claim no right to the premises whatever.

But as the above provision of the statute is so decisive in its terms, a brief and summary discussion of the same may not be out of place here, though not demanded in the decision of the present case.

It is well known that in many portions of the mineral regions of the United States blind veins or lodes exist, that is, veins or lodes entirely below the surface of the ground, and often a great distance below the surface, and that in many instances these blind veins or lodes are the only kind found. Where such a state of things exists, the miner must seek the vein or ledge without attempting a location of claim till the vein or ledge is discovered, or he must attempt a location of the surface at least before such discovery; and this brings us to the consideration of the question, What right, if any, does the miner acquire as to the surface, not ledge, by such location, before the discovery of the vein or ledge?

If this exact question has been authoritatively passed upon or settled by judicial decision, my attention has not been called to such decision by counsel or otherwise, except as mentioned and discussed in this opinion.

The doctrine of prior possession or actual occupancy, without legal claim (except so far as such possession *per se* confers it), has been of late fully recognized by the supreme court of the United States as to public lands not mineral.

The question whether public lands, inclosed and occupied by parties not claiming them under the laws of the United States, are subject to pre-emption or homestead entry under such laws of the United States, has been settled in the negative.   In the case of *Atherton* v. *Fowler,* 96 U. S. 513; and later in the cases of *Hosmer* v. *Wallace,* 97 Id. 575, and *Trenouth* v. *San Francisco,* 100 Id. 251, the supreme court of the United States held that no pre-emption right can be established by a settlement and improvements on a tract of public land which was already in the possession of another.

The state and territorial courts have necessarily followed these decisions.   Those of California in the cases of *Hosmer* v. *Duggan,* 56 Cal. 257; *Davis* v. *Scott,* Id. 165; and in the still later case of *McBrown* v. *Morris,* 59 Id. 64.

In the case of *The Northern R. R. Co.* v. *Gould,* 21 Cal. 254, the same court sustained naked prior occupancy against a congressional grant of right of way, as to claim of damages. This is the settled doctrine as to public lands not mineral, and by analogy should be recognized where applicable to rights upon the mineral lands.   A person making a location of a mining claim fully in accordance with law and. usage acquires a right of possession to the same equivalent to an actual or *possessio pedis* possession.

But what right does he acquire by making such location before the discovery of the vein or ledge?   Mr. Justice Miller in his circuit has encountered this question more or less directly, and especially in the state of Colorado, where these blind ledges are understood to be of frequent occurrence.   But his conclusions have not reached us in an authoritative form.

In the case of *Crossman et al.* v. *Penderry et al.,* 2 McCrary, 139, the Orion had been first located; the Penderry was located subsequently, on the same ground, and discovered mineral in place before the prior locators had made such discovery.

In this case, which was heard in the circuit court of the district of Colorado, the defendants had judgment in their favor, Mr. Justice Miller, of the supreme court of the United States, in his, the eighth, circuit, rendered the decision, in which he is reported as saying: "This cause is submitted on an agreed state of facts, to the effect that the

ground in controversy is covered by the surface lines of the Orion claim, located by the plaintiff, and also of the Penderry claim, located by defendant; that both locations are regular as to form; that the Orion was first located and surveyed; that the locators have steadily prosecuted work in the development thereof, and have discovered mineral in place. That the discoverers of the Penderry, located subsequently to the Orion, and while the locators of the latter were in possession thereof, also prosecuted work, and discovered mineral in place before the discoverers of the Orion. The question submitted to the court is this: Can prospectors on public mineral domain acquire any right in which the law will protect them prior to the discovery of mineral in rock in place? If so, can the plaintiffs, being prior locators, recover against defendants, who first discovered mineral on the ground in controversy? It is the opinion of the court that, inasmuch as the plaintiffs allowed the defendants to enter upon their claim, and within their boundaries, and there sink a shaft, in which they discovered mineral in rock in place before a discovery by plaintiffs, and make location thereof without protest, the defendants now have the better right. But the plaintiffs might have protected their actual possession of their entire claim by proper legal proceedings prior to the discovery of mineral by the defendants or either party. A prospector on the public mineral domain may protect himself in the possession of his *pedis possessionis* while he is searching for mineral."

The instructions to juries on this statute in the local federal courts have been various—generally giving the substance of the statute that no location could be made prior to the discovery of the vein or lode therein.

In the case of *Lollards and Highland Chief Con. Min. Co.* v. *Seth Evans*, October term, 1880, Mr. Justice Hallet, in the same district of Colorado, is reported as instructing the jury as follows: "On the public domain of the United States a miner may *hold the place in which he may be working* against all others having no better right. But when he asserts title to a full claim of one thousand five hundred feet in length and three hundred feet in width, he must prove a lode extending throughout the claim."

This is indefinite as to extent of ground, and in conflict

with the doctrines of the decision above quoted. If a party on the public lands not mineral can by bow and spear hold his possession to a tract of such land, however large, against a party seeking to enter under the pre-emption or homestead laws of the United States, shall not the miner hold the comparatively small tract embraced in his mining claim while continuously and industriously seeking the vein or lode believed to exist therein? I speak of the surface only—not the vein or lode.

I am of the opinion that he can so hold the surface of the claim against all parties having no better right, and eject them therefrom if any so intrude, and such I understand to be the doctrine of Mr. Justice Miller's decision above quoted.

Judgment affirmed.

PORTER and STILWELL, JJ., concurred.