[No. 4836.]

## WALSH v. HENRY.

1. **Mines and Mining—Adverse Suits—Invalid Locations—Discovery Cuts—Erroneous Instructions.**

In an action in support of an adverse suit, the plaintiff claimed that no discovery cut had been made on defendant's claim at the time plaintiff initiated his location thereon. The court instructed the jury that it was admitted by plaintiff that, when he initiated his location, he knew the situs of defendant's claim, and knew that it had been surveyed for patent, the boundaries marked upon the ground, and the patent plats and notices had been posted as required by law; and that, under this state of facts, the plaintiff must be considered a trespasser unless he should prove by a fair preponderance of the evidence that, at the time of such entry upon defendant's claim, "he honestly believed the ground as entered to be unoccupied and unappropriated public domain open to location." Held, that such instruction was erroneous, for if defendant's location was invalid because of the absence of a discovery cut at the time plaintiff made peaceful entry thereon, then the territory within the boundaries of defendant's claim was at the time open to location under the mining laws, and plaintiff was not a trespasser and could lawfully initiate his location irrespective of what his belief was as to such territory being unoccupied and unappro-

priated, and it was immaterial whether or not he knew the situs of the claim or that it had been surveyed and a patent applied for.—P. 396.

2. **Appellate Practice—Instructions—Erroneous Instruction Not Cured by Other Correct Ones.**

Although other instructions correctly announce the law, it cannot be said that the jury was not misled by an erroneous instruction on a vital issue.—P. 398.

*Appeal from the District Court of Ouray County. Hon. Theron Stevens, Judge.*

Adverse suit by Thomas F. Walsh against Lyman I. Henry. From a judgment for defendant, plaintiff appeals.                    *Reversed.*

Messrs. THOMAS, BRYANT & LEE, and Messrs. STORY & STORY, for appellant.

Mr. CHARLES F. POTTER, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action in support of an adverse, filed by the owner of the Spar Lode Mining Claim against the application for a patent on the Iva C. Claim. The verdict and judgment were for the defendant.

The discovery cut relied on by the defendant in support of his application for a patent, was in the westerly part of his claim as described in the location certificate and as staked on the ground. The discovery cut of the plaintiff was in the northeasterly part of the territory inclosed by the same boundaries. The area in conflict between the claims, as they were respectively staked upon the ground, embraced the discovery cut of the plaintiff, but not that claimed by the defendant. The location of plaintiff was not initiated until years after the initiation of defendant's claim and the expiration of the legal time for

the making of a discovery cut by the defendant.
Plaintiff contended that no discovery cut had been
made on the claim of defendant, although the legal
time for making it had expired when plaintiff ini-
tiated his location, and that therefore the territory
within the Iva C. boundaries was at that time un-
appropriated mineral land subject to location.   If
such ground was subject to location at the time plain-
tiff initiated his claim, then, under the undisputed
evidence, plaintiff had in all respects complied with
the law and was entitled to a verdict for the area in
conflict.   It was a vital issue for the jury to deter-
mine whether a discovery cut had been made by de-
fendant at the time plaintiff initiated his location.
It was highly important to the contention of plain-
tiff that the jury be clearly charged, that, if defend-
ant's location was invalid because of the absence of
a discovery cut at the time plaintiff made discovery,
then the territory within the boundaries of defend-
ant's claim was subject to location.   Plaintiff con-
tends that the law was not so given to the jury, and
assigns in support thereof, particularly, instructions
4 and 21, given at the request of defendant.   Instruc-
tion 21 is as follows:

"The court instructs you, that the purpose of
the law in requiring the staking of the boundaries of
a mining claim, and the filing of a location certifi-
cate, is twofold: first, to define the part of the public
domain which the locator desires to appropriate as
against the government; and, secondly, to give notice
to other locators of his location and its extent and
lines upon the public domain.   In this case it is ad-
mitted by the locator of the Spar claim, that when
he entered upon and within the lines of the Iva C.
lode, to make his location, he knew that the claim had
been surveyed for patent, and the boundaries were
marked upon the ground, and the *situs* of the claim

was familiar to him, and he also knew that the defendant had posted his patent plats and notices, as required by law; under this state of facts the plaintiff must be considered a trespasser unless he shall prove to you, by a fair preponderance of evidence, that at the time of such entry upon the Iva C. ground he honestly believed the ground so entered to be unoccupied and unappropriated public domain, open to location; and before the plaintiff can prevail in this suit, he must prove to you that at the time he so entered upon the Iva C. claim the ground so entered by him was unoccupied and unappropriated mineral domain, subject to location, and defendant was holding same without right.''

The following part of the instruction was certainly erroneous: "It is admitted by the locator of the Spar claim, that when he entered upon and within the lines of the Iva C. lode to make his location he knew that the claim had been surveyed for patent, and the boundaries were marked upon the ground, and the *situs* of the claim was familiar to him, and he also knew that the defendant had posted his patent plats and notices, as required by law; under this state of facts the plaintiff must be considered a trespasser unless he shall prove to you, by a fair preponderance of evidence, that at the time of such entry upon the Iva C. ground he honestly believed the ground so entered to be unoccupied and unappropriated public domain, open to location.''

The jury was here told that it was necessary for the plaintiff to honestly believe the ground embraced in the Iva C. boundaries to be unoccupied and unappropriated public domain, open to location, before he could initiate his location upon such claim. This is not the law. If defendant's location was invalid because of the absence of a discovery cut at the time plaintiff made peaceable entry, then the territory

within the boundaries of defendant's claim was at the time open to location under the mining laws, and plaintiff could lawfully initiate his location within the boundaries of the Iva C. claim, irrespective of what his belief was as to territory being unoccupied and unappropriated—Lindley on Mines, vol. 1, section 219; and if the Iva C. location was invalid for such reason, it was immaterial to the validity of plaintiff's location that plaintiff knew that the claim of defendant had been surveyed for patent and the boundaries had been marked on the ground, and that the *situs* of the claim was known to him, and that the defendant had posted his patent plats and notices. If the location of defendant was invalid for the reasons assigned, plaintiff was not a trespasser when he attempted to initiate his location therein. The jury ought to have been plainly told that, if defendant's claim was invalid for the reason assigned, the plaintiff could initiate his location within the boundaries of such claim. The error in giving this instruction was emphasized by the court charging, in effect, in above instruction 4, that the owner of a mining claim situate on mineral land open to location "who has under the statutes of the United States applied for a mineral patent, and who has caused his claim to be surveyed and staked upon the ground by a United States deputy mineral surveyor under an official order from the United States surveyor general, and has filed his application in the United States land office, and has posted his plats and patent notices upon his claim, is in lawful possession of said claim, and is entitled to hold possession as against one subsequently attempting to initiate title by entering upon the claim of applicant for the purpose of locating an adverse claim."

We repeat, if defendant had taken with reference to his claim all the steps enumerated in this

instruction, and his location was invalid because of the absence of a discovery cut, the territory described in his location certificate was unappropriated mineral land, and plaintiff could enter thereon for the purpose "of locating thereon an adverse claim."

We find other instructions which correctly announce the law on this point, but we cannot say that the jury was not misled by the above instructions. The case was of a character requiring a careful charge. The defendant had taken substantial steps to effect a location. The plaintiff entered upon defendant's claim knowing of defendant's attempted location, and knowing that he was within the staked boundaries of defendant's claim. The sympathies of the jury were naturally with the defendant. The rights of the plaintiff should have been carefully guarded by the instructions of the court. The error as to the charge in this case doubtless arose, as so frequently occurs, from the unnecessarily great length and number of instructions. Here the instructions were lengthy, and about thirty-five in number. We urge upon the trial courts the necessity of grasping the vital issues in a case, and directing the jury to them briefly and simply. Other errors are assigned, unnecessary to notice.     *Judgment reversed.*

CHIEF JUSTICE GABBERT and MR. JUSTICE MAXWELL concurring.