601 P.2d 1339

**GEOMET EXPLORATION, LTD., a corporation, Appellant,**

v.

**LUCKY Mc URANIUM CORPORATION, a corporation, Appellee.**

No. 14470–PR.

Supreme Court of Arizona,
En Banc.

Oct. 9, 1979.

Rehearing Denied Nov. 6, 1979.

W. T. Elsing, Phoenix, Thomas R. Young, Lakewood, Colo., for appellant.

DeConcini, McDonald, Brammer & Yetwin, P. C. by John C. Lacy and Kenneth L. Allen, Tucson, for appellee.

HAYS, Justice.

Geomet appealed from a decision granting exclusive possession of certain unpatented mining claims to Lucky Mc Uranium Corporation. The Court of Appeals affirmed, 124 Ariz. 60, 601 P.2d 1344 (App.1979). Geomet petitioned for review and we granted review under A.R.S. § 12–120.24 and Rule 23 of the Rules of Civil Appellate Procedure. We now vacate the opinion of the Court of Appeals.

By use of modern scintillation equipment in September of 1976, plaintiff/appellee, Lucky Mc Uranium Corporation, detected "anomalies" (discontinuities in geologic formations) indicative of possible uranium deposits in the Artillery Peak Mining District in Yuma County, land in the federal public domain. In November, 1976, Lucky proceeded to monument and post 200 claims (4,000 acres), drill a 10-foot hole on each claim, and record notices pursuant to A.R.S. §§ 27–202, 27–203 and 27–204.

Subsequently, defendant/appellant, Geomet, peaceably entered some of the areas claimed by Lucky and began drilling operations. Employees of Geomet were aware of Lucky's claims but considered them invalid because there had been no discovery of minerals in place and Lucky was not in actual occupancy of the areas Geomet entered.

Lucky instituted a possessory action seeking damages, exclusive possession and a permanent injunction against trespass by Geomet or its employees. There was insufficient evidence to establish a valid discovery, but the trial court found that Lucky was entitled to exclusive possession and a permanent injunction. Although Geomet pointed out that, prior to discovery of minerals in place, the doctrine of *pedis possessio* requires a prospector to be in actual occupancy of the claim and diligently pursuing discovery, the court based its reasoning on the economic infeasibility of literal adherence to the element of actual occupancy in view of modern mining techniques and the expense involved in exploring large areas.

Additionally, the court found that Geomet had entered the land in bad faith, knowing that Lucky was claiming it.

We must decide a single issue: Should the actual occupancy requirement of *pedis possessio* be discarded in favor of constructive possession to afford a potential locator protection of contiguous, unoccupied claims as against one who enters peaceably, openly, and remains in possession searching for minerals?

## PEDIS POSSESSIO

Mineral deposits in the public domain of the United States are open to all citizens (or those who have expressed an intent to become citizens) who wish to occupy and explore them "under regulations prescribed by law, and according to the local customs or rules of miners in the several mining districts, so far as the same are applicable and not inconsistent with the laws of the United States." 30 U.S.C. § 22 (1970).

The doctrine of *pedis possessio* evolved from customs and usages of miners and has achieved statutory recognition in federal law as the "law of possession," 30 U.S.C. § 53 (1970):

No possessory action between persons, in any court of the United States, for the recovery of any mining title, or for damages to any such title, shall be affected by the fact that the paramount title to the land in which such mines lie is in the United States; but each case shall be judged by the law of possession.

Regardless of compliance with statutory requisites such as monumenting and notice, one cannot perfect a location, under either federal or state law, without actual discovery of minerals in place. *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963); 30 U.S.C. § 23 (1970); A.R.S. § 27–201. Until discovery, the law of possession determines who has the better right to possession.

The literal meaning of *pedis possessio* is a foothold, actual possession. Black's Law Dictionary 1289 (rev. 4th ed. 1968). This actual occupancy must be distinguished from constructive possession, which is based on color of title and has the effect of en-

larging the area actually occupied to the extent of the description in the title. *Id.* at 1325. A succinct exposition of *pedis possessio* is found in *Union Oil Co. v. Smith,* 249 U.S. 337, 346–48, 39 S.Ct. 308, 310–11, 63 L.Ed. 635 (1919):

> Those who, being qualified, proceed in good faith to make such explorations and enter peaceably upon vacant lands of the United States for that purpose are not treated as mere trespassers, but as licensees or tenants at will. For since, as a practical matter, exploration must precede the discovery of minerals, and some occupation of the land ordinarily is necessary for adequate and systematic exploration, legal recognition of the pedis possessio of a bona fide and qualified prospector is universally regarded as a necessity. It is held that upon the public domain a miner may hold the place in which he may be working against all others having no better right, and while he remains in possession, diligently working towards discovery, is entitled—at least for a reasonable time—to be protected against forcible, fraudulent, and clandestine intrusions upon his possession.

> .    .    .    .    .

> Whatever the nature and extent of a possessory right before discovery, all authorities agree that *such possession may be maintained only by continued actual occupancy by a qualified locator or his representatives engaged in persistent and diligent prosecution of work looking to the discovery of mineral.* (Emphasis added.)

█ If the first possessor should relax his occupancy or cease working toward discovery, and another enters peaceably, openly, and diligently searches for mineral, the first party forfeits the right to exclusive possession under the requirements of *pedis possessio. Cole v. Ralph,* 252 U.S. 286, 295, 40 S.Ct. 321, 325, 64 L.Ed. 567 (1920); *Davis v. Nelson,* 329 F.2d 840 (9th Cir. 1964).

█ Arizona has recognized *pedis possessio* and the concomitant requirement of actual occupancy for a century. *Field v. Grey,* 1 Ariz. 404, 25 P. 793 (1881). In *Bagg*

*v. New Jersey Loan Co.,* 88 Ariz. 182, 188–89, 354 P.2d 40, 44 (1960), we said: "Location is the foundation of the possessory title, and possession thereunder, *as required by law and local rules and customs,* keeps the title alive, . . ." (Emphasis added.) It is perhaps more proper to speak of a possessory right than a title because, until discovery of mineral and issuance of a patent, absolute title in fee simple remains in the United States. *Bagg, supra,* at 192, 354 P.2d 40; *Bowen v. Chemi-Cote Perlite Corp.,* 102 Ariz. 423, 432 P.2d 435 (1967). Since this is a possessory action, the party with the better right is entitled to prevail. *Rundle v. Republic Cement Corp.,* 86 Ariz. 96, 341 P.2d 226 (1959).

Conceding that actual occupancy is necessary under *pedis possessio,* Lucky urges that the requirement be relaxed in deference to the time and expense that would be involved in actually occupying and drilling on each claim until discovery. Moreover, Lucky points out that the total area claimed —4,000 acres—is reasonable in size, similar in geological formation, and that an overall work program for the entire area had been developed. Under these circumstances, Lucky contends, actual drilling on some of the claims should suffice to afford protection as to all contiguous claims. Great reliance is placed on *MacGuire v. Sturgis,* 347 F.Supp. 580 (D.C.Wyo.1971), in which the federal court accepted arguments similar to those advanced here and extended protection on a group or area basis. Geomet counters that *MacGuire, supra,* is an aberration and contrary to three Wyoming Supreme Court cases upholding the requisite of actual occupancy. *Sparks v. Mount,* 29 Wyo. 1, 207 P. 1099 (1922); *Whiting v. Straup,* 17 Wyo. 1, 95 P. 849 (1908); *Phillips v. Brill,* 17 Wyo. 26, 95 P. 856 (1908).

█ To adopt the premise urged by Lucky eviscerates the actual occupancy requirement of *pedis possessio* and substitutes for it the theory of constructive possession even though there is no color of title. We are persuaded that the sounder approach is to maintain the doctrine intact. In *Union*

*Oil, supra,* the Court considered the precise question of extending protection to contiguous claims and refused to do so:

> It was and is defendant's contention that by virtue of the act of 1903, one who has acquired the possessory rights of locators before discovery in five contiguous claims . . . may preserve and maintain an inchoate right to all of them by means of a continuous actual occupation of one, coupled with diligent prosecution in good faith of a sufficient amount of discovery work thereon, provided such work tends also to determine the oil-bearing character of the other claims.

> . . . . .

> In our opinion the act shows no purpose to dispense with discovery as an essential of a valid oil location *or to break down in any wise the recognized distinction between the pedis possessio of a prospector doing work for the purpose of discovering oil and the more substantial right of possession of one who has made a discovery* . . . . . *Union Oil,* 249 U.S. at 343, 353, 39 S.Ct. at 309, 312. (Emphasis added.)

We have canvassed the Western mining jurisdictions and found the requirement of actual occupancy to be the majority view. *Davis v. Nelson, supra; United Western Minerals Co. v. Hannsen,* 147 Colo. 272, 363 P.2d 677 (1961); *Adams v. Benedict,* 64 N.M. 234, 327 P.2d 308 (1958); *McLemore v. Express Oil Co.,* 158 Cal. 559, 112 P. 59 (1910).

There are always inherent risks in prospecting. The development of *pedis possessio* from the customs of miners argues forcefully against the proposition that exclusive right to possession should encompass claims neither actually occupied nor being explored. We note that the doctrine does not protect on the basis of occupancy alone; the additional requirement of diligent search for minerals must also be satisfied.

The reason for these dual elements—and for the policy of the United States in making public domain available for exploration and mining—is to encourage those prepared to demonstrate their sincerity and tenacity in the pursuit of valuable minerals. If one may, by complying with preliminary formalities of posting and recording notices, secure for himself the exclusive possession of a large area upon only a small portion of which he is actually working, then he may, at his leisure, explore the entire area and exclude all others who stand ready to peaceably and openly enter unoccupied sections for the purpose of discovering minerals. Such a premise is laden with extreme difficulties of determining over how large an area and for how long one might be permitted to exclude others.

We hold that *pedis possessio* protects only those claims actually occupied (provided also that work toward discovery is in progress) and does not extend to contiguous, unoccupied claims on a group or area basis.

Lucky calls our attention to former A.R.S. § 27–203(B), under which a potential locator was allowed 120 days to sink shafts to a specified depth.* The contention is that during that period, Lucky should have been granted exclusive possession in order to discover mineral in place, and, since Geomet entered certain claims before the expiration of the 120 days, Lucky did not have the benefit of the full term in which to make discovery.

■ We point out, however, that the first statute concerning location of claims, A.R.S. § 27–201, reads as follows:

> *Upon discovery of mineral in place* on the public domain of the United States the mineral may be located as a lode mining claim by the discoverer for himself, or for himself and others, or for others. (Emphasis added.)

Subsequent amendment by Laws 1978, Ch. 177, § 3, deleted the requirement of sinking a shaft or drilling.

---

* At the time this action was tried, A.R.S. § 27–203(B) read, in pertinent part:

    The locator of a lode claim shall within one hundred twenty days from the time of the location sink a location shaft on the claim
    . . . . .

Discovery is the *sine qua non* that lends validity to other statutory procedures designed to complete a location. A.R.S. §§ 27–202 *et seq.* We have on two occasions held that acts of location confer no right in the absence of discovery. *State v. Tracy,* 76 Ariz. 7, 10, 257 P.2d 860, 862 (1953); *Ponton v. House,* 75 Ariz. 303, 306, 256 P.2d 246, 247 (1953). It is certainly true that, even after discovery, one may be held to have abandoned a location or forfeited his rights for failure to comply with additional statutory requirements. A.R.S. § 27–203(E). But *prior to discovery,* the only right one has to exclude others flows from *pedis possessio* and not from statutory law.

■ Finally, Lucky asserts that Geomet cannot invoke *pedis possessio* because Geomet, knowing that Lucky claimed the area, entered in bad faith. Lucky relies principally on *Bagg v. New Jersey Loan Co., supra,* and *Woolsey v. Lassen,* 91 Ariz. 229, 371 P.2d 587 (1962). It is true that a potential locator must enter in good faith. *Union Oil Co. v. Smith, supra.*

There is language in our decisions that appears to indicate that mere knowledge of a prior claim constitutes bad faith. Although we are sure that our holdings were sound in the cases Lucky cites, certain statements may have been an inadvertent oversimplification of the issue of good faith and we take this opportunity to clarify the point.

In general terms, good faith may be defined as honesty of purpose and absence of intent to defraud. *People v. Bowman,* 156 Cal.App.2d 784, 320 P.2d 70 (1958); *Thurmond v. Espalin,* 50 N.M. 109, 171 P.2d 325 (1946).

Both *Bagg* and *Woolsey, supra,* dealt with those who had discovered minerals in place and were in actual occupancy when others attempted to usurp their claims. These facts immediately distinguish them from the instant case, in which Lucky had neither made discovery nor was in actual occupancy of the areas Geomet entered.

■ While acting as agent to oversee claims of the Arizona Mining Company, Mr. Bagg attempted to locate claims for himself. An agent is duty-bound not to acquire a private interest antagonistic to that of his employer. *See Mallamo v. Hartman,* 70 Ariz. 294, 219 P.2d 1039 (1950); Restatement (Second) of Agency §§ 387, 393, 395 (1957).

*Woolsey* concerned a claim against a previous locator who had already discovered mineral and was in actual possession under a lease from the state. Under the circumstances, the challenger simply could not prove a superior right to possession.

■ In summary, both cases differ significantly from this case in their factual framework and did not depend for their resolution solely upon the element of knowledge. We stand by our conclusions in those cases but wish to emphasize that mere knowledge of a previous claim, in and of itself, does not constitute bad faith. *Columbia Standard Corp. v. Ranchers Exploration & Development, Inc.,* 468 F.2d 547 (10th Cir. 1972); *Adams v. Benedict, supra; Walsh v. Henry,* 38 Colo. 393, 88 P. 449 (1907).

Since Geomet's entry concededly was open and peaceable, we hold that the entry was in good faith.

In conclusion, Lucky was not in actual occupancy of those areas Geomet entered and *pedis possessio* affords Lucky no protection as to those particular claims. Geomet is entitled to the exclusive possession of the disputed claims.

We reverse the trial court, order that the injunction be quashed, and remand for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.