757 P.2d 128

**The FUND MANAGER, PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM, Plaintiff–Appellee,**

v.

**DEPARTMENT OF PUBLIC SAFETY LOCAL RETIREMENT BOARD, Defendant–Appellant.**

**No. 1 CA–CIV 9748.**

Court of Appeals of Arizona, Division 1, Department D.

June 28, 1988.

---

Eaton, Lazarus & Dodge, Ltd. by Marc R. Lieberman, Susan G. Sendrow, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Leonardo Ruiz, Asst. Atty. Gen., Phoenix, for defendant-appellant.

## OPINION

FIDEL, Presiding Judge.

The Fund Manager, Public Safety Personnel Retirement System (Fund), successfully contended in the trial court that the Department of Public Safety Local Retirement Board (Board) had erroneously granted a disability pension to a state employee. At the conclusion of that proceeding the trial court ordered the Board to pay the Fund's attorney's fees and costs. We reverse the latter award, holding that it was self-negating in light of the Fund's statutory obligation to indemnify the Board.

## RETIREMENT SYSTEM

A.R.S. §§ 38–841—856 establish the Public Safety Personnel Retirement System (PSPRS) for the benefit of employees of the State of Arizona regularly assigned to hazardous duty. PSPRS receives no legislative appropriations; it is entirely funded

from the contributions of its members. Its investments are managed by a state agency comprised of five unpaid citizens. The Board is a separate, autonomous state agency empowered to make initial determinations concerning the eligibility of Arizona Department of Public Safety officers for PSPRS pension benefits. Each state agency employing public safety personnel has a similar board. The Fund reviews the actions of the various local boards. When it agrees with a board's award, it disburses pension benefits accordingly; when it disagrees, the Fund may request reconsideration by the board and, if dissatisfied, appeal to the superior court. Pursuant to A.R.S. § 12–910(B), upon request by a party other than a board the superior court may conduct de novo review if the record of administrative proceedings is inadequate.

## FACTUAL AND PROCEDURAL HISTORY

Ramon Acevedo, a patrolman for the Department of Public Safety, experienced back pain in September 1981 while helping a motorist change a tire. The Board thereafter considered evidence of Acevedo's back condition and awarded him a lifetime accidental disability pension. The Fund petitioned for reconsideration, but the Board affirmed its award. The Fund appealed to the superior court, which found the administrative record insufficient for review and instead set the matter for trial.

The Fund argued at trial that Acevedo was ineligible for pension benefits because his condition did not prevent his performance of a reasonable range of employment duties and because his back condition predated his membership in PSPRS. The Board took no position on these issues, leaving it to Acevedo to dispute the Fund at trial. The trial court accepted the Fund's contentions and held Acevedo unentitled to a permanent accidental disability pension. Acevedo is not a party to this appeal, and the validity of the trial court's

disposition of his claim is not at issue. The sole issue on appeal concerns the propriety of the trial court's order that the Board pay the Fund's $63,993 in attorney's fees and $3,949.98 in costs. The Board appeared at trial only to contest its responsibility to pay the Fund's attorney's fees and costs.

## GOOD FAITH

The Board first argues that the Fund's dispute with Acevedo and the Board did not arise from contract, rendering A.R.S. § 12–341.01(A)[1] inapplicable. Second, assuming *arguendo* the applicability of A.R.S. § 12–341.01(A), the Board argues that the trial court's fee and cost award was self-negating, given the *Fund's* statutory obligation to indemnify the *Board.* Because we agree with the second argument, we need not address the first.

A.R.S. § 38–847(P) states:

The local board and the individual members thereof shall be indemnified from the assets of the fund against any and all liabilities arising by reason of any act, or failure to act, *made in good faith pursuant to the provisions of the system,* including expenses reasonably incurred in the defense of any claim relating thereto. (emphasis added)

The Fund does not deny that the Board acted in good faith in determing Acevedo's eligibility for pension benefits. It argues, however, that the Board did not act "pursuant to the provisions of the system." The Fund bases this contention on the trial court's finding that the Board's award to Acevedo was incorrect. The Fund argues essentially that, whenever the Board incorrectly awards a pension, it oversteps "the provisions of the system" and thereby relinquishes indemnity under A.R.S. § 38–347(P). The Fund thus interprets that statute to indemnify boards and their individual members "against any and all liabilities, arising by reason of any act, or failure to act, made in good faith pursuant to the provisions of the system, [only if

---

1. A.R.S. § 12–341.01(A) provides:
   In any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorneys's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorneys' fees.

*such act or failure to act is ultimately found correct.*]" We decline to perform such statutory grafting.

Nothing in the words, "in good faith pursuant to the provisions of the system," forecloses local boards from indemnification for honest mistakes in the performance of their adjudicative and administrative responsibilities. To the contrary, those words expressly establish such indemnity. Black's Law Dictionary defines "good faith" as "encompass[ing] among other things, an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage...." *Id.* at 623 (5th ed. 1979). Webster's Ninth New Collegiate Dictionary defines "good faith" as "honesty or lawfulness of purpose." A.R.S. §§ 12–1570 and 12–1598 define "good faith" as "honesty in fact in the conduct or transaction concerned." The Uniform Commercial Code and Uniform Fiduciaries Act define a thing done "in good faith" as a thing "done honestly, whether it be done negligently or not." A.R.S. §§ 47–1201(19), 14–7501(B). Our supreme court has defined "good faith" as "honesty of purpose and absence of intent to defraud." *Geomet Exploration v. Lucky McUranium Corp.*, 124 Ariz. 55, 59, 601 P.2d 1339, 1343 (1979). None of these definitions turns on the ultimate soundness of the actor's conduct. Rather, good faith, where there is honesty of purpose and honesty in fact, encompasses the right to be wrong.

We do not believe that the legislature intended, by coupling the words "good faith" with the words "pursuant to the provisions of the system" in A.R.S. § 38–847(P) to alter the common meaning of good faith. Rather, we interpret the latter phrase to denote a board's actions in performance of its statutory administrative or adjudicative responsibilities, whether or not such actions are ultimately adjudged correct. Thus, we hold that the Board acted pursuant to the provisions of the retirement system when it granted benefits to Acevedo and when it later affirmed that decision upon administrative review. Because the Board made those decisions in good faith, the Fund must indemnify it for all resulting liabilities. The trial court's award of attorney's fees and costs to the Fund falls among such liabilities. The impact of the trial court's order is solely to permit the Fund to reach through the sleeve of the Board into one of the Fund's own pockets and transfer money to the other.

Because the trial court's award of attorney's fees and costs was self-negating, we reverse that portion of the trial court's order and remand for proceedings consistent with this opinion.

KLEINSCHMIDT, J., and APKER, J. Pro Tem., concur.

Note: The Honorable Burton M. Apker, Judge *Pro Tempore*, was assigned by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this matter pursuant to A.R.S. §§ 12–145–47.